## PADUCAH WATER CO. v. COMMISSIONER OF INTERNAL REVENUE.

Court of Appeals of District of Columbia. Submitted May 9, 1929. Decided June 3, 1929.

No. 4778.

Andrew T. Smith, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, V. J. Heffernan, Sewall Key, W. P. Hughes, and H. R. Gamble, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Board of Tax Appeals, involving income and profit taxes for the calendar years 1919, 1920, and 1921.

The sole issue here is whether the board erred in holding that the basis for the determination of depreciation allowances for the taxable years on waterworks properties owned by appellant on March 1, 1913, was the remainder of the total fair market value of the property as of that date, after subtracting from such total value sums representing the following items: Preliminary cost, miscellaneous inventories, engineering and supervision, administrative costs, contingent costs, lost interest during construction; the board having found this remainder to be the value of appellant's properties subject to exhaustion, wear and tear, and obsolescence.

Section 234(a)(7) of the Revenue Act of 1918 (40 Stat. 1057, 1077, 1078) provides: "That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * * A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

Section 234(a)(7) of the Revenue Act of 1921 (42 Stat. 227, 254, 255) provides: "That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * * A reasonable allowance for the exhaustion, wear and tear of property used in

the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913."

Appellant insists that the "fair market value" of the property, for the purpose of computing "exhaustion, wear and tear," and obsolescence, is the same as the fair market value for computing profits on a sale, and includes every element of value in the property. The Treasury Department, on the other hand, has construed section 234(a)·(7) as limiting depreciation allowances to depreciable property, and excluded assets not of that character. Article 162 of Treasury Regulations 45, Revenue Act of 1918, in part provides: "The necessity for a depreciation allowance arises from the fact that certain property used in the business gradually approaches a point where its usefulness is exhausted. The allowance should be confined to property of this nature."

This contemporaneous construction of section 234(a)(7) of the act of 1918 has been adopted in identical language in article 162 of Treasury Regulations 62, 65, and 69, promulgated under the Revenue Acts of 1921 (42 Stat. 227, 255), 1924 (43 Stat. 253, 284), and 1926 (44 Stat. pt. 2, pp. 9, 42 [26 USCA § 986]), respectively, re-enacting, without substantial change, section 234(a)(7). Apparently, therefore, the executive construction of this statute has received legislative approval. See Komada & Co. v. United States, 215 U. S. 392, 30 S. Ct. 136, 54 L. Ed. 249; National Lead Co. v. United States, 252 U. S. 140, 40 S. Ct. 237, 64 L. Ed. 496.

We agree with the Treasury Department that the value of appellant's property as a unit or going concern is not the proper basis for computing "a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." While the eliminated items enter into the value of the plant, they are not depreciable in fact, and hence were properly eliminated in fixing the value of depreciable property.

Decision affirmed, with costs.

Affirmed.