BATON COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42485. Promulgated February 28, 1930.

*A. G. Wallerstedt, C. P. A.*, and *W. A. Seifert, Esq.*, for the petitioner.

*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

Murdock: Instead of disallowing the amounts set forth in the petitioner's allegation of error, it appears from the deficiency notice that the Commissioner has disallowed a deduction of $50,000 for each year and has also allowed deductions for depletion which the petitioner did not claim in its returns. Our question is to determine whether there is any error in this action of the Commissioner.

The president of the petitioner testified that at the time of entering into the lease of November 2, 1925, times were somewhat unusual in that although ordinarily the margin of profit on such an operation would not be very great, the lease was very profitable, due to the fact that there was a strike in the anthracite coal region. He further testified that at or about the time that the first lease expired there was a strike in the coal fields in England, which led him to believe he could profitably enter into the lease of November 14, 1926, with its new terms and make a profit out of it, and that the coal strike in England " was the principal reason for agreeing to pay the rental at the time." His counsel argued that if the total amount paid in each of the three years is computed, it will appear that the rental for each year was reasonable when the $50,000 is included for each of the years 1926 and 1927. We are not satisfied, however, that the payment of $50,000 in each of the years 1926 and 1927 really represented rental for those years alone. Where expenditures are in part a consideration for the use of rented premises for years other than the taxable years, the whole thereof can not properly be considered ordinary and necessary expenses of carrying on the business during the taxable years, and only the part thereof properly attributable to the process of earning income during the taxable years may be deducted from gross income for those years. *J. Alland & Bro., Inc.*, 1 B. T. A. 631; affd., 28 Fed. (2d) 792; *H. Fendrich, Inc.*, 3 B. T. A. 77; *Columbia Theatre Co.*, 3 B. T. A. 622; *Bonwit Teller & Co.*, 17 B. T. A. 1019; *First National Bank of Omaha*, 17 B. T. A. 1358; *Galatoire Bro.* v. *Lines*, 23 Fed. (2d) 676; *Duffy* v. *Central Railroad Co. of New Jersey*, 268 U. S. 55; *United States* v. *Anderson*, 269 U. S. 422.

Whether the $50,000 paid in each of the taxable years was a bonus or advance payment of rental, these payments should not be deducted in their entirety in the taxable years.

*Judgment will be entered for the respondent.*