HENRY C. ROWE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18216.   Promulgated May 12, 1930.

*Samuel H. Davis, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, and *Frank A. Surine, Esq.*, for the respondent.

908

SMITH: The only question presented by this proceeding is the right of the petitioner to deduct from gross income in his income-tax returns for the fiscal years ended June 30, 1921, and June 30, 1922, $5,625 and $65,489.07, respectively, on leases of oyster lands in Narragansett Bay canceled during the taxable years. The respondent has disallowed the deductions upon the grounds that the petitioner had no enforceable rights in the leases canceled and that no deductible losses can be allocated to the taxable years.

The Revenue Act of 1921 provides that an individual in making income-tax returns may deduct from gross income, among other items:

Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business. (Sec. 214(a)(4)).

Section 202(b) of the Act provides:

The basis for ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, acquired before March 1, 1913, shall be the same as that provided by subdivision (a) ; but—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market price or value as of March 1, 1913, over the amount realized therefor; \* \* \*

The record of this action shows that the petitioner, through his agents, held leases of oyster lands in Narragansett Bay on March 1, 1913; that in the preparation of the lands for oyster culture he had spent in excess of $100 per acre; that the leases on March 1, 1913, had a fair market value of not less than $100 multiplied by the number of acres covered by each lease; that the oyster lands became polluted with manufacturing wastes subsequent to March 1, 1913, which rendered them valueless for purposes of oyster culture; that during the fiscal year ended June 30, 1921, he canceled leases covering 94 acres of land and in the fiscal year ended June 30, 1922, he canceled leases on 820.4 acres.

The disallowance by the respondent of the deductions claimed was based principally upon the fact that the evidence before the respondent did not show that the petitioner had investments in the leases or any valuable rights in them on March 1, 1913. The basis for the latter contention was apparently that the petitioner was a nonresident of Rhode Island in 1913, and that the leases were in names of residents of the State of Rhode Island whom the State authorities recognized as being the owners of the leases. The evidence shows, however, that the lessees had entered into agreements with the petitioner to hold the lands for him and that it was a common practice for nonresident persons to cultivate oyster farms in Narragansett Bay under the same conditions as the petitioner cultivated his oyster farms. The leases in respect of which the petitioner claims to have sustained losses in the taxable years under review were held by agents for him. In these circumstances and upon the record we are of the opinion that the petitioner had equitable title to the leases in question and that he is as much entitled to deduct a loss upon the cancellation of them as he would have been had he been a resident of the State of Rhode Island in 1913.

The evidence further shows that the petitioner had an investment in the leases of $100 multiplied by the number of acres covered by

each lease. This represented the minimum amount for the preparation of the beds for oyster culture.

In our opinion the only material question for decision is the year in which the losses were sustained by the petitioner and the amount of the loss allocable to each of the taxable years. In *United States* v. *White Dental Mfg Co.*, 274 U. S. 398, the principle was laid down that losses may be claimed as deductions from gross income in those years where they are " fixed by identifiable events."

The evidence in this proceeding shows that oyster culture in Narragansett Bay was less and less profitable from about the year 1912. Many oyster culturists began abandoning their leases in about 1915 or 1916, owing to successive failures in obtaining settings of young oysters. The petitioner continued the oyster culture after many others had ceased. He continued to pay rentals to the State of Rhode Island upon the oyster lands up to the date that the leases were canceled. Even after settings could not be obtained in the waters of the Bay, oysters brought from Long Island Sound were fattened on the oyster farms held by the petitioner. In these circumstances, we think that the cancellation of the leases is an identifiable event by which certain losses may be allocated to the years 1921 and 1922.

As above indicated, the record shows the cancellation of leases on 94 acres of land in the fiscal year ended June 30, 1921. The loss of investment in leases on those lands was at least $5,625, the amount claimed as a deduction from the gross income in the petitioner's return for the fiscal year ended June 30, 1921. We therefore hold that amount as a legal deduction from the gross income of the petitioner for the fiscal year involved.

In the fiscal year ended June 30, 1922, the petitioner canceled leases on 820.4 acres. The record amply supports petitioner's claim that his investment in those leases approximated $100 per acre and at least the amount of $65,489.07, the amount claimed by the petitioner as a loss sustained by him in the fiscal year ended June 30, 1922, upon the cancellation of the leases by reason of the pollution of the waters of Narragansett Bay by manufacturing and other wastes. This was at the rate of less than $100 per acre for the lands covered by the leases. The evidence all goes to show that the pollution of the waters had proceeded to an extent in the fiscal year ended June 30, 1922, which proved to the petitioner that the payment of further rentals upon the oyster leases would be unprofitable. We therefore conclude that the petitioner was entitled to deduct from the gross income of the fiscal year in question the claimed amount of $65,489.07.

*Judgment will be entered under Rule 50.*