## HERZBERG v. ALEXANDER, Collector of Internal Revenue.
### No. 4791.

District Court, W. D. Oklahoma.
Aug. 31, 1933.

Harry O. Glasser, of Enid, Okl., for plaintiff.

W. E. Wiles, Asst. Dist. Atty., of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

This matter has been submitted upon stipulation of fact. In April, 1927, the plaintiff purchased from the Griffith Amusement Company an unexpired lease for eight years and nine months of an original ten-year lease on a certain building in the city of Enid, Garfield county, Okl., paying for said lease the sum $5,000. In September, 1928, plaintiff purchased the fee-simple title to the building covered by the lease from the owners thereof for a consideration of $63,500.

In the return of plaintiff for said year 1928, the sum of $4,351.93, representing the unexpired and unamortized balance of said payment of $5,000, was taken as a deduction and claimed as a loss by plaintiff for and in the year 1928.

The Commissioner of Internal Revenue disallowed said deduction and capitalized the said unamortized portion of the payment of $5,000 as a part or portion of plaintiff's capital investment. The Commissioner thereupon made an additional assessment of $921.10 for said year, which has been paid by the plaintiff under protest, and plaintiff now brings this action to recover said sum so paid as additional assessment.

The question here for determination is whether or not the payment made to acquire this lease should be treated as operating expense or as a capital investment. The question has been settled by the courts and as stated in Klein, Federal Income Taxation, 1933 Cumulative Supplement, p. 225:

"Payments made to secure a lease must be capitalized and prorated over the life of the lease. J. Alland & Bros., Inc., v. U. S. [D. C.] 28 F.(2d) 792, affirming 1 B. T. A. 631; King Amusement Co. [v. Com'r], 15 B. T. A. 566, affirmed [C. C. A.] 44 F.(2d) 709, certiorari denied 282 U. S. 900, [51 S. Ct. 212, 75 L. Ed. 792]; Baton Coal Co. [v. Com'r], 19 B. T. A. 169, affirmed [C. C. A.] 51 F. (2d) 469, certiorari denied 284 U. S. 674, [52 S. Ct. 129, 76 L. Ed. 570]."

These various decisions construe the Treasury Department regulation granted under 26 USCA § 986 (a) (1, 7, and 8):

"Article 110. *Rents*—Where a leasehold is acquired for business purposes for a specified sum the purchaser may take as a deduction in his return an aliquot part of such sum each year, based upon the number of years the lease has to run."

The court is of the opinion that the additional tax was properly assessed, and the court therefore finds for the defendant. A proper form of judgment may be submitted consistent with this opinion. An exception is allowed the plaintiff.