HENRY BOOS, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54788. Promulgated June 7, 1934.

*Claude I. Parker*, *Esq.*, and *Bayley Kohlmeier*, *Esq.*, for the petitioner.

*James H. Yeatman*, *Esq.*, for the respondent.

OPINION.

MARQUETTE: The respondent has determined a deficiency herein for the year 1928 of $2,053.47, resulting from his disallowance of a deduction from gross income claimed by petitioner in the amount of $24,747.47, representing the unamortized cost of a leasehold. The proceeding was submitted upon a stipulation of facts and certain exhibits which were made a part thereof.

The petitioner is a resident of Los Angeles, California. On October 25, 1927, petitioner acquired a 99-year lease, commencing November 1, 1927, on certain real property situated in the city of Los Angeles and known as the Hope Street Garage. At the time of the execution of the lease, and as a part of the consideration therefor, petitioner paid to the lessor the sum of $25,000. In his income tax return for the year 1927 petitioner deducted the sum of $252.53 as amortization of the $25,000 paid for the lease. The lease contained an option to purchase the demised premises during the first ten years of the lease, the purchase price during the first two years to be $55,000 in cash; during the following three years $75,000 cash; and during the following five years $100,000 cash.

On May 21, 1928, and during the first two years of the term, the petitioner exercised the option and purchased the fee to the property for $55,000. In his income tax return for the year 1928 petitioner deducted as a loss the difference between the $25,000 paid for the leasehold and the $252.53 theretofore deducted as amortization of the leasehold, or $24,747.47. The respondent disallowed such deduction on the ground that the amount was part of the cost of the property.

It was further stipulated by the parties that if the petitioner was called as a witness he would testify to the facts set forth in his affidavit attached to the stipulation as Exhibit " B ". These facts are that it was understood by petitioner and the other parties to the transaction that the $25,000 paid at the time of making the lease was paid entirely for the lease, and no part was paid for the option to purchase; that there was no understanding that any part of the $25,000 should be applied to the purchase price of the property in the event the option to purchase was exercised; that the prices fixed in the option for the purchase of the property were in no way affected by the $25,000 payment, and that at the time the lease was acquired he had no definite intention of purchasing the property; that his primary object was to acquire the lease, and the option to purchase was included to protect him in case he later decided to use the property for some purpose for which the fee title would be necessary. To all of these matters the respondent reserved objection that they are immaterial.

It is well settled that the cost of acquiring a leasehold is an exhaustible capital investment, returnable by annual deductions spread over the term of the lease. *Davison* v. *Commissioner*, 60 Fed. (2d) 50; *Baton Coal Co.*, 19 B.T.A. 169; affd., 51 Fed. (2d) 469; certiorari denied, 284 U.S. 674; *King Amusement Co.*, 15 B.T.A. 566; affd., 44 Fed. (2d) 709; certiorari denied, 282 U.S. 900; *United States* v. *Boston & Providence R.R. Co.*, 37 Fed. (2d) 670; *Alland & Bros., Inc.* v. *United States*, 28 Fed. (2d) 792; *Galatoire Bros.* v. *Lines*, 23 Fed. (2d) 676.

The fact that the leased property contained an option to purchase does not alter this principle. *Robert C. Coffey*, 21 B.T.A. 1242.

It is likewise well settled that, when a lease is terminated prior to the expiration of its term as by abandonment or forfeiture, the unamortized portion of the capital cost is deductible as a loss sustained in the year of such termination. *Henry C. Rowe*, 19 B.T.A. 906; *Boggs Oil Corp.*, 19 B.T.A. 940; *A. H. Fell*, 7 B.T.A. 263; *Guelph Hotel Corp.*, 7 B.T.A. 1043; *A. L. Huey*, 4 B.T.A. 370.

In the instant case the petitioner acquired a 99-year lease for which he paid the sum of $25,000. In the following year he acquired the remainder interest by acquisition of the fee. Prior to his acquisition of the fee he was allowed to amortize the cost of the leasehold over the term of the lease. He now claims that since he has acquired the fee to the leased property the lease is terminated and he is entitled to deduct the difference between the cost and the amortization deducted as a loss in a transaction entered into for profit.

We are of opinion that the claimed loss must be disallowed. The amount expended to acquire the leasehold was a capital expenditure

subject to a pro rata deduction each year over the term of the lease. When petitioner acquired the remainder interest or fee, the leasehold interest, being a lesser interest, necessarily became merged in the fee or larger interest, and the cost of the property to him became the sum of the unamortized cost of the leasehold plus the amount expended to acquire the lessor's remainder interest. This treatment of like transactions has been consistently followed by respondent for a number of years and we think that in principle it is correct. See C.B. IV-1, p. 33; C.B. IX-2, p. 178. We therefore hold that petitioner's claim of a loss for the unamortized portion of the amount paid for the leasehold must be denied.

*Judgment will be entered for the respondent.*