HERBERT G. PERRY AND WINTHROP I. PERRY, EXECUTORS OF THE WILL OF ALONZO W. PERRY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74568. Promulgated April 26, 1935.

*Gladwin M. Nead, Esq.*, for the petitioners.
*Dean P. Kimball, Esq.*, for the respondent.

OPINION.

LEECH: The question presented is whether the amount of the gift tax and interest thereon, from the due date of such tax to the date of decedent's death, paid by his estate in 1931, is deductible from the income of that estate in the computation of its income tax for that year.

The right to deduct this item of interest rests upon the deductibility of the gift tax (*Northwestern Motor Car Co.* v. *Commissioner*, 45 Fed. (2d) 357, affirming 15 B. T. A. 1276), which is controlled here by the Revenue Act of 1928, section 161 (a) (3) ; section 162; and particularly section 23 (c) (1).[1] Since petitioners claim the right to a deduction, as the Supreme Court said in *Helvering* v. *Inter-Mountain Life Insurance* Co., 294 U. S. 686, " the rule that ambiguities in statutes imposing taxes are to be resolved in favor of taxpayers does not apply. Deductions are allowed only when plainly authorized. *Ilfeld Co.* v. *Hernandez*, 292 U. S. 62, 66. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435, 440."

Upon this record it will be assumed that the gift tax here involved arose by virtue of the Revenue Act of 1924, which was repealed by section 1200 of the Revenue Act of 1926,[2] as of January 1, 1926.

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; \* \* \*

SEC. 162. NET INCOME.—

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual \* \* \*.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.—

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

. (c) *Taxes generally.*—Taxes paid or accrued within the taxable year, except—

(1) Income, war-profits, and excess-profits taxes imposed by the authority of the United States \* \* \*.

[2] SEC. 1200. (a) The following parts of the Revenue Act of 1924 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, subject to the limitations provided in subdivision (b) :

\* \* \* \* \* \* \*

Part II of Title III (called " Gift Tax ") as of January 1, 1926.

\* \* \* \* \* \* \*

That tax is one imposed upon a transfer by gift *inter vivos* (Revenue Act of 1924, section 319; [3] *Bromley* v. *McCaughn*, 280 U. S. 124), and payable " by the donor " on or before the 15th day of March in the following tax year. Revenue Act of 1924, sec. 324.[4]

Such taxes may be deducted from income by the donor for income tax purposes. Regulations 65, art. 131.[5] But the donor does not here seek the deduction.

The pending question of deductibility of taxes turns, not upon the identity of the entity against which the tax was assessed (*Sabina Schatzinger, Executrix*, 12 B. T. A. 1353), but upon the entity against which such tax accrued. *Falk Corporation* v. *Commissioner*, 60 Fed. (2d) 204, affirming 23 B. T. A. 883; *Roy J. O'Neil et al., Administrators*, 31 B. T. A. 727; *Alden Anderson*, 27 B. T. A. 980; *Grand Hotel Co.*, 21 B. T. A. 890; *Luke W. McCrory, Trustee*, 25 B. T. A. 994; affd., 69 Fed. (2d) 688.

The taxable transfer here was made by petitioners' decedent—not his estate. He was the donor by whom the tax was payable and against whom it accrued as a tax liability. Obviously, at least before decedent's death, all events had occurred which fixed the tax and determined the liability to pay it. *United States* v. *Anderson*, 269 U. S. 422. These taxes then accrued as a claim against decedent. *Thompson* v. *United States*, 8 Fed. (2d) 175; *Sabina Schatzinger, supra*. Since they are claims against the estate, they are deductible from its corpus but not from its income. *John M. Brown, Executor*, 11 B. T. A. 1203; *Roy J. O'Neil et al., Administrators*, *supra*. It was only upon this theory that the disputed tax and interest were deductible and thus deducted from the gross estate of petitioners' decedent in determining its net amount subject to estate tax.

Petitioners argue that this conclusion violates the rule that income taxes are not affected by the incidence of estate taxes. This position is unsound. The deductibility of the present gift tax and interest from income of the estate is not denied because of its deductibility from the corpus of decedent's estate for estate tax purposes, *per se*. These taxes were claims against and therefore deductible from the corpus of the estate, because they accrued against decedent as his taxes upon a gift made by him, and not by his estate. Since such taxes accrued against him, as his taxes, they are not deductible by his estate, a distinct and separate entity.

---

[3] SEC. 319. * * * a tax * * * is hereby imposed upon the transfer * * * by gift * * * of any property wherever situated * * *.

[4] SEC. 324. The tax imposed by section 319 shall be paid by the donor on or before the 15th day of March * * *.

[5] ART. 131. *Taxes.*—* * * The gift tax imposed by section 319 of the statute is deductible from the gross income of the donor.

*     *     *     *     *     *     *

*Falk Corporation* v. *Commissioner, supra; Roy J. O'Neil et al., Administrators, supra; Alden Anderson, supra; Grand Hotel Co., supra; Luke W. McCrory, Trustee, supra.*

The word "taxpayers" used in the closing agreements mentioned in our present findings of fact, in describing petitioners in connection with the disputed gift tax and interest, did not mean to characterize such taxes as those of the estate. It meant merely that the estate was the entity paying such taxes. That nomenclature did not intend and certainly could not effect any change in the legal incidence and accrual of these gift taxes, upon which depends their disputed deductibility. *Ohio Clover Leaf Dairy Co.*, 8 B. T. A. 1249; *Victor G. Marquissee*, 11 B. T. A. 334; affirmed as *Lewis* v. *Commissioner*, 47 Fed. (2d) 32.

*Judgment will be entered for respondent.*