## POST v. COMMISSIONER OF INTERNAL REVENUE.

### No. 134.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1940.

Waldron K. Post, of New York City (Julian S. Bush, of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The commissioner found a deficiency of $645.14 in the petitioner's income tax for 1933. The deficiency resulted from disallowance of the greater part of a deduction claimed by the petitioner for amortization of his share of expenses in connection with a lease. The Board of Tax Appeals sustained the commissioner.

The petitioner owned an undivided interest in New York real estate. In 1928 the owners made a twenty-one year lease of the property, to begin on May 2, 1929. The lessee was to demolish the existing buildings and erect a new building. The lessee entered into possession and demolished. The petitioner's share of the value of the demolished building was $21,-852.33, and his share of other expenses connected with the lease (broker's commission, legal expenses and so on) was $6,990.02, a total of $28,842.35. This sum amortized over the twenty-one years of the lease would be apportioned at $1,373.45 for each calendar year, with proportionately smaller sums for the fractions of 1929 and 1950 covered by the lease. But the lease came to an end in 1933, for practical purposes at least. A company purchased the lessee's interest at foreclosure sale, and on January 23, 1933, the owners of the fee simple, including the petitioner, conveyed their interests in the realty, including their rights under the lease, to the company which had acquired the leasehold, in exchange for its entire capital stock and $4,290,000 face value of its bonds. The petitioner and other owners of undivided shares received the stock and bonds in proportion to the amount of their undivided interests in the real estate.

In his 1933 return the petitioner claimed as a deduction from gross income the unamortized part of the expenses incurred in connection with the lease, $23,806.37. The commissioner disallowed the deduction. He allowed only a deduction of $114.45, representing amortization for one month in 1933.

The loss on demolition of the old building, the broker's commission and other costs in the making of the lease are deemed capital cost to acquire a wasting asset, and so are deducted pro rata over the life of the lease. Bonwit Teller & Co. v. Commissioner, 2 Cir., 53 F.2d 381, 82 A.L.R. 325; Helvering v. Manhattan Life Ins. Co., 2 Cir., 71 F.2d 292. For each year that the lease ran, the petitioner was entitled to deduct the proportionate amount, and if the lease had continued to its appointed end he would have finally taken deductions for the entire cost. But the lease came to a premature end in 1933, and the right to take a proportionate deduction annually on account of the cost of acquiring the lease also came to an end. Helvering v. Manhattan Life Ins. Co.,

supra. The unamortized portion of that cost was part of the petitioner's investment in the real estate. If the 1933 transaction had been a sale resulting in taxable gain or loss, the unamortized amount would have figured as part of the petitioner's cost. The transaction, however, was an exchange without gain or loss, and the petitioner's cost basis for the securities received is represented by his cost basis of the real estate and his unamortized cost of the lease.

The Board was right in its disposition of the case. The decision will be affirmed.