### FRIEND et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7373.

Circuit Court of Appeals, Seventh Circuit.

Feb. 26, 1941.

Rehearing Denied June 13, 1941.

Harry N. Wyatt and Richard H. Levin, both of Chicago, Ill., for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Newton K. Fox, Bureau of Internal

Revenue, of Washington, D. C., for respondent.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals finding deficiencies in the income taxes of the Executors of the estate of Henry Friend for the calendar years of 1934 and 1935, in the amounts of $3404.01 and $194.95 respectively.

At the time of the death of Henry Friend on August 1, 1932, he was the owner of two parcels of real estate. One of these, located at 6308-6310 South Halsted Street, Chicago, was, in 1920, leased for a period of 99 years. The lessee paid to the decedent the sum of $75,000, representing the value of the improvements thereon. The lessee had the right to raze the buildings and to erect new buildings, the cost of which should be not less than $300,000. The lease also provided for an annual rental of $15,000 net from November 1, 1922, to October 31, 2019. This lease was acquired by the S. S. Kresge Company, and a supplemental agreement was entered into between Henry Friend, lessor, and S. S. Kresge Company, lessee, whereby the lessee was permitted to erect a building costing not less than $125,000, with a rental of $18,000 per year. This building was erected by the lessee in 1925.

The other parcel of real estate, located at 6312-6314 South Halsted Street, Chicago, was, in 1924, leased for a term of 25 years to the F. W. Woolworth Company at an annual rental of $20,000. Subsequently, a second Woolworth lease was executed covering the demised premises from the end of the period covered by the first lease, for another period of 25 years, at an annual rental of $25,000. Pursuant to these two leases, the Woolworth Company erected a building upon the premises at a cost of $125,000.

It is the petitioners' contention that upon the death of Henry Friend, they, in respect to the two properties, acquired two separate estates—the leasehold and the reversionary. It is the further contention that the right to receive payments under the leases has a value in excess of the then value of the naked fee simple in the land; that this excess is attributable to exhaustible improvements and an exhaustible right against responsible lessees, and, consequently, is subject to depreciation, amortization, or exhaustion spread over the term of the leases, or at least the excess valuation placed upon the leases over what would have been a reasonable rental value of the land itself is an exhaustible asset on which they are entitled to depreciation, amortization or exhaustion for income tax purposes.

The respondent admits that the cost of acquiring a leasehold is an exhaustible capital investment returnable by annual deductions spread over the term of the lease. Boos v. Commissioner, 30 B.T.A. 882. But the respondent denies that there has been any cost to the estate in the acquisition of these leases, and consequently there can be no loss to be recovered by amortization or depreciation.

■■ Depreciation allowances are limited to depreciable property and exclude assets not of that character. Paducah Water Co. v. Commissioner, 59 App.D.C. 84, 33 F.2d 559. These allowances, when permitted, are deductible by the entity that has acquired the asset at some "cost," meaning capital expenditure, or other valuable consideration. Weiss v. Wiener, 279 U.S. 333, 49 S.Ct. 337, 73 L.Ed. 720; Commissioner v. Terre Haute Electric Co., 7 Cir., 67 F.2d 697.

■■ The petitioners concede that the decedent would not have been entitled to any deduction for amortization or depreciation of his right to receive rents under the leases. They contend, however, that by reason of the death of the testator, years after he made these leases, his estate acquired them as items of substantial value; that these rights having been taxed for estate tax purposes, their purchase price to the petitioners was, therefore, determined and that they have the same right to amortize such cost as if the purchase had been made for cash. We do not regard this position as tenable. An estate tax is not a tax on property. It is an excise placed on the privilege of transmitting property of a decedent upon his death; the amount of the tax to be measured by the value of the property transmitted. Igleheart v. Commissioner, 5 Cir., 77 F.2d 704. This tax has in no way affected the rights of the petitioners and can not be regarded as the cost of acquisition of the leases.

■ It is also suggested that Section 113(a) (5) of the Revenue Act of 1934,

26 U.S.C.A.Int.Rev.Code, § 113(a) (5), will operate to furnish a cost or other basis which may be amortized by the petitioners. This section is as follows:

"§ 113. Adjusted basis for determining gain or loss—

"(a) Basis (unadjusted) of property. The basis of property shall be the cost of such property; except that— * * *

"(5) If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. * * *"

It is plain from a reading of the statute that what is meant is to give the asset, whatever it may be, a basis for valuation for the purpose of determining gain or loss for income tax purposes in the event of a future sale of the asset. The statute can not be construed, even in conjunction with the valuation for estate tax purposes and the payment of that tax, to place the petitioners in the position of a purchaser of the leaseholds for a valuable consideration. Therefore, the contention of the petitioners must fail, and their other contentions must fall with it.

■ Another question presented is whether or not real estate taxes, which had accrued and become liens on the realty of the decedent prior to his death in 1932, and which were subsequently paid by the representatives of his estate in 1934, can be deducted from the current income of the estate in 1934.

It is contended by the petitioners that if the decedent had died in 1934, or thereafter, the taxes in question would have been deductible from his final return; or if the taxes had been paid by the decedent, his estate would have been diminished by the amount of the payment, and a lesser estate tax would have been collected; therefore, it is inequitable not to permit the present deduction.

Real estate taxes become a lien against property when they are levied. If unpaid they are a lien at the death of the owner and constitute a valid claim against his estate, allowable as a deduction from the gross value thereof. Thompson v. United States, D.C., 8 F.2d 175. The claim is, therefore, one against the corpus of the estate, and not against the income. The situation in the present case is amply cov-

ered by the rulings in Roy J. O'Neil v. Commissioner, 31 B.T.A. 727, and Herbert G. Perry v. Commissioner, 32 B.T.A. 513, and there appears no reason to depart from the reasoning therein. See, also, Helvering v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 778, 781; Falk Corp. v. Commissioner, 7 Cir., 60 F.2d 204, 205.

The decision of the Board is affirmed.