MILLINERY CENTER BUILDING CORPORATION, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 127, Docket 23150.

United States Court of Appeals Second Circuit.

Argued March 15, 1955.

Decided April 14, 1955.

Charles Korn, New York City (Bernard Weiss, New York City, on the brief), for petitioner.

Carolyn R. Just, Special Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, A. F. Prescott, and Louise Foster, Special Assts. to Atty. Gen., on the brief), for respondent.

Before CLARK, Chief Judge, FRANK, Circuit Judge, and GALSTON, District Judge.

### CLARK, Chief Judge.

■ This petition for review contests the finding of a deficiency in petitioner's excess profits tax for 1945, based on the refusal to allow as a business expense the amount paid to terminate an allegedly burdensome lease. The issue concerns the tax consequences of a contract between the taxpayer and its landlord whereby the taxpayer acquired the real estate in question and thus obtained cancellation of the lease. The taxpayer as tenant and at its own cost had erected a 22-story loft building on the leased premises, to belong to the taxpayer only as long as the lease was in force and at termination to be either razed or surrendered to the landlord, as the latter might direct. The lease had been renewed by the tenant for an additional 21-year term just before the contract of sale was entered into, although the tenant now urges that the annual rental of $118,840 was excessive, notwithstanding the very substantial rents it was collecting, sufficient at least to make the renewal desirable. Petitioner's main argument throughout this litigation has been that the difference between the purchase price of $2,100,000 and the unimproved value of the land, $660,000, namely the sum of $1,440,000, should be deductible as an ordinary business expense under I.R.C. § 23(a), 26 U.S.C. § 23(a), as the price of cancellation of an onerous lease. Alternatively it suggested amortization of this amount over the unexpired term of the lease, or its depreciation as an additional cost of acquiring the already fully depreciated building. All this the Tax Court denied, although six judges dissenting thought that some part of the purchase price should be allocated to the additional rights thus acquired in the building and then be recovered through depreciation. 21 T.C. 817.

■ The Tax Court refused to permit deduction under I.R.C. § 23(a) because it considered the $2,100,000 contract price as payment for one complete bundle of rights of land ownership, more appropriately characterized as a capital asset than as an ordinary business expense. With this conclusion we are in agreement, despite the contrary opinion of the Sixth Circuit in Cleveland Allerton Hotel v. C. I. R., 166 F.2d 805.[1] Whatever may be the case where a lease is cancelled without the purchase of a fee, we think that the situation here at hand consists of the acquisition of a definite and substantial property interest, so to be viewed for tax purposes. Petitioner, having certain rights in the property, bought all the remaining ones up to full ownership and is in the same situation as if it had bought out the share of

---

[1]. This case is criticized in Notes, 48 Col.L. Rev. 967 and 1 Stan.L.Rev. 147. Both notes suggest that the court erred in considering the investment to be other than a capital asset. Both equally reject the solution of the Tax Court in that case and this one that no depreciation whatever be allowed, suggesting as an alternative amortization over the remaining term of the lease.

a co-owner or an overriding easement or, indeed, a piece of land next door. Because petitioner also happened to be the tenant under the lease, its purchase resulted in the merger of the leasehold in the fee and gave it a good bargain. But that fact, while it may explain the motivation for the investment, cannot change its fundamental nature from the acquisition of a capital asset to mere removal of a burden or repair of plant. Post v. C. I. R., 2 Cir., 109 F.2d 135; Herzberg v. Alexander, D.C.W.D.Okl., 5 F.Supp. 334; Boos v. C. I. R., 30 B.T.A. 882; and see Willcuts v. Minnesota Tribune Co., 8 Cir., 103 F.2d 947, 952, certiorari denied Minnesota Tribune Co. v. Willcuts, 308 U.S. 577, 60 S.Ct. 93, 84 L.Ed. 483. We reach this result whether or not the lease was in fact onerous to the taxpayer, as it contends; the Tax Court made no such finding and the evidence in this respect is doubtful at best. But that merely goes to the desirability or otherwise of the bargain; it does not define what was bought. We are equally in accord with the Tax Court that the purchase price of the fee is not to be amortized over the remaining term of the now nonexistent lease. Since the taxpayer has acquired the complete title to the property in question, it obviously no longer has a wasting asset to come to a necessary end twenty-one years hence. See Post v. C. I. R., supra, 2 Cir., 109 F. 2d 135; Friend v. C. I. R., 7 Cir., 119 F. 2d 959, certiorari denied 314 U.S. 673, 62 S.Ct. 136, 86 L.Ed. 538. But we do think the view of the dissenting judges sound that here is a new purchase price covering a building to be recovered taxwise, as is any building cost, over the period of its useful life.

■ The taxpayer's second alternative raised this issue in arguing that $1,-440,000 be added for depreciation purposes to the cost of the building which it erected on the property. The cost of $3,000,000 originally invested by it in the building was fully written off during the first 21-year term of the lease. From this, a majority of the Tax Court concluded that no further depreciation was allowable, since the taxpayer's cost of acquisition had been recovered. But the dissent seems more in accord with the realities of this situation. The taxpayer in acquiring this fee bought not only a reversionary interest in the land itself, but also a reversionary interest in the building which under the lease it would have had to surrender to the landlord when its term expired. A third-party purchaser of such a fee would be entitled to allocate part of its cost to the building and to depreciate it as such. Similarly, this taxpayer has made an additional investment in the building which should give rise to an added depreciation deduction in accordance with I.R.C. § 23 (l).

■ On the present state of the record we cannot determine how much of the $2,100,000 purchase price is properly to be allocated to the land and how much to the building. The Tax Court has found only that in its unimproved state the land was worth $660,000. That appraisal cannot be considered as conclusive of its present value, improved by a $3,000,000 building appurtenant thereto. We doubt if a merely mechanical apportionment will adequately fix the intrinsic value of the building reversion. Hence we must remand this case to the Tax Court to take evidence, if desired, and otherwise to fix this value. See Cohan v. C. I. R., 2 Cir., 39 F.2d 540, 543, 544. A similar adjustment should be made with respect to the legal fees of $16,500 incurred by the taxpayer in connection with this purchase. The value so found will be the cost to be recovered through yearly depreciation.

Reversed and remanded for further proceedings in accordance with this opinion.