266 F.2d 881
 59-1 USTC P 9445
 Robert G. GOELET, Francis Goelet and Henry B. Guthrie, as
Trustees U/W of Robert W. Goelet (John Goelet),
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee, and Related Cases.
 No. 229, Docket 25268.
 United States Court of Appeals Second Circuit.
 Argued March 12, 1959.
Decided May 5, 1959.
 
 Charles C. Parlin (of Shearman & Sterling & Wright), New York City (Paul R. Russell (of Shearman & Sterling & Wright), New York City, on the brief), for appellants.
 Arthur V. Savage, Asst. U.S. Atty., S.D.N.Y., New York City (Arthur H. Christy, U.S. Atty., New York City, on the brief), for appellee.
 Before WASHINGTON,[1] WATERMAN and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Southern District of New York, holding that plaintiffs-appellants are not entitled to refunds of portions of the Federal income taxes paid by them for the years 1944, 1946, 1947 and 1948. The essential facts and issues are set forth in the memorandum opinion and judgment of Judge Bicks, reported at D.C.1958, 161 F.Supp. 305.
 
 
 2
 We affirm the District Court's conclusion that the appellants, heirs of the lessor Goelet, are not entitled to depreciation deductions under Section 23(l) of the Internal Revenue Code (1939), 26 U.S.C. 23(l) with respect to the building erected by the lessee, on the authority of Commissioner v. Moore (two cases), 9 Cir., 1953, 207 F.2d 265, certiorari denied, 1954, 347 U.S. 942, 74 S.Ct. 637, 98 L.Ed. 1091; First National Bank of Kansas City v. Nee, 8 Cir., 1951, 190 F.2d 61; cf. Commissioner v. Pearson, 5 Cir.,188 F.2d 72, certiorari denied, 1951, 342 U.S. 861, 72 S.Ct. 88, 96 L.Ed. 648; Friend v. Commissioner, 7 Cir., 119 F.2d 959, certiorari denied 1941,314 U.S. 673, 62 S.Ct. 136, 86 L.Ed. 538. We must reject the contention of appellants that these cases are distinguishable. Appellants fail to show how a depreciable interest in the building was supplied to them in the taxable years by the circumstance that prior to 1946, when the lease term was extended for an additional ten years, the estimated useful life of the building extended eight years beyond the original term of the lease. Cf. 4 Mertens, Law of Federal Income Taxation 23.90, pp. 148 ff.
 
 
 3
 We also affirm the holding of the District Court that the heirs are not entitled to claim in this suit deductions for amortization of the 'premium value' of the lease. We do not reach the merits of that question: we need not say whether we agree or disagree with the discussion of it in Commissioner v. Moore, supra at pages 273-278, of 207 F.2d. Cf. Bernstein v. Commissioner, 2 Cir., 1956, 230 F.2d 603; Mary Young Moore, CCH Tax Ct.Mem. 869 (1955). The question is not properly before us. The heirs did not first present that issue with supporting facts to the Treasury in their refund claims, their protest, or in the conferences with the representative of the Treasury Department. Treas. Regs. 111, 29.322-3, applicable to years beginning after December 31, 1941; Angelus Milling Co. v. Commissioner, 1945, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619; Real Estate-Land Title & Trust Co. v. United States, 1940, 309 U.S. 13, 18, 60 S.Ct. 371, 84 L.Ed. 542; Pelham Hall Co. v. Carney, 1 Cir., 1940, 111 F.2d 944. This is not a case like Scovill Manufacturing Co. v. Fitzpatrick, 2 Cir., 1954, 215 F.2d 567, where the claim disclosed the facts and the issue, although in a mislabeled form, with reasonable precision. No claim for amortization of the premium value of the lease was made or even suggested in the proceedings before the Treasury. Certainly, too, the facts necessary to ground such a claim were not adduced in those proceedings. Furthermore, we do not find that the proof offered in the District Court on this issue would be sufficient to support such a claim under Commissioner v. Moore, supra, at pages 273-278, of 207 F.2d.
 
 
 4
 With respect to the third issue, see D.C., 161 F.Supp. at pages 312-313, we conclude that the trustees have made a prima facie showing that under Article Fourth of the Goelet will they are entitled to deduct from the distributable income of the general estate the amount of $2,537.14 spent in 1948 for repairs ('carpentry, plumbing, electrical') in maintaining the Newport property. The stipulated facts are too meager to make a pria facie showing as to the deductibility under the will of the other items claimed.
 
 
 5
 For these reasons, the judgment will be affirmed, except as to the item of repairs mentioned in the preceding paragraph. As to that item, the case will be remanded for proceedings not inconsistent with this opinion.
 
 
 6
 So ordered.
 
 
 
 [1]
 Sitting by designation pursuant to 28 U.S.C.A. 294(a)