COMMISSIONER OF INTERNAL REVENUE v. HILLS CORPORATION.

No. 1990.

Circuit Court of Appeals, Tenth Circuit.

Oct. 23, 1940.

Louise Foster, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sewall Key, and William L. Cary, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Oscar W. Moyle, Jr., of Salt Lake City, Utah (Dan T. Moyle, of Salt Lake City, Utah, on the brief), for respondent.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals.

The facts as found by the Board are these: On February 8, 1908, Lewis S. Hills and Theresa B. Hills, his wife, were the owners, as joint tenants, of a lot and certain improvements thereon situated in Salt Lake City, Utah. On the date above mentioned, they leased the lot to Callaway, Hoock & Francis, a Utah corporation, for a term of fifty years, commencing March 1, 1908. The lease reserved as rent, $250 per month during the first ten years of the term, $300 per month during the second ten years, $350 per month during the third ten years, $400 per month during the fourth ten years, and $450 per month during the final ten years. The lease provided that in consideration of the demise, the lessee should erect on the leased premises a good, substantial building costing not less than $35,000. The lessee went into possession, razed the buildings then located on the premises, and completed the new building on February 1, 1909, at a cost of $59,763.30. Lewis S. Hills died on July 21, 1915, and upon his death, the reversion passed to Theresa B. Hills as a surviving joint tenant.

Theresa B. Hills died on April 9, 1924. On May 1, 1925, the reversion was transferred to the Hills Corporation in exchange for all of its capital stock which was issued to the heirs of Theresa B. Hills in proportion to their respective interests in the reversion. The lessee remained in possession of the premises and performed all the covenants of the lease until the year 1932, when it became insolvent and passed into the hands of a receiver. In February, 1933, the receiver disaffirmed the lease and delivered possession of the leased premises to the Hills Corporation.

At the time the Hills Corporation took possession, there were delinquent taxes against the leased premises as follows:

| | |
|---|---|
| 1932 taxes upon the building.... | $2,335.53 |
| 1932 taxes upon the real property | 3,323.77 |
| 1933 taxes upon the building.... | 1,370.88 |
| 1933 taxes upon the real property | 3,022.79 |

Under the laws of Utah, taxes accrue and become a lien against property at noon of the second Monday in January of each year. The Hills Corporation paid the delinquent taxes to redeem the premises from tax sale.

During the occupancy of the premises by the lessee, it acquired from the Utah Gas & Coke Company a gas furnace under a title retaining contract and at the time Hills Corporation took possession, there was a balance due and owing on the furnace of $1,334.50. The Utah Company threatened to repossess the furnace and to prevent such repossession, Hills Corporation paid the balance due.

Since its incorporation, Hills Corporation has made yearly Federal income tax returns on a cash, calendar year basis. The Commissioner determined that the Hills Corporation, upon the termination of the lease, realized $27,332.90 through acquisition of the building erected by the lessee, and determined a deficiency income tax of $3,415.28 and an excess profits tax of $454.07. On petition to review, the Board held that no income was realized by Hills Corporation from the acquisition of the building on the termination of the lease. The Commissioner has appealed.

The Board found that the value of the building on the termination of the lease was $15,000. The Commissioner does not contest the valuation as found by the Board, but contends on that basis there is a deficiency in income tax for the year 1933 in the amount of $1,719.51.

324

The lease provided as follows:

"At the expiration of this lease the improvements on said property shall become the property of the parties of the first part."

The question presented is whether income measured by the value of the building inured to Hills Corporation in the year 1933.

A landlord and tenant may covenant respecting the ownership of improvements during the term of the lease.[1] Here, the parties to the lease stipulated that the building erected by the tenant should become the property of the landlord at the termination of the lease and thereby, in effect, stipulated that it should remain the property of the tenant until that time. It was, therefore, personal property of the lessee until the termination of the lease.[2]

The heirs of Theresa B. Hills transferred the reversion to the Hills Corporation in exchange for its corporate stock in proportion to their respective interests. It is not shown that either the estate of Theresa B. Hills or the heirs returned or paid an income tax on income derived from that transaction. What the Hills Corporation acquired was the reversionary interests, that is, the leased premises subject to the lease, including the right to receive future rentals under the lease and the building erected thereon by the tenant at the termination of the lease. The lease was terminated in 1933 and thereupon, the building erected by the tenant became the property of Hills Corporation. Under the authority of Helvering v. Bruun, 309 U.S. 461, 60 S.Ct. 631, 84 L. Ed. 864; Helvering v. Center Investment Company, 309 U.S. 639, 60 S.Ct. 887, 84 L. Ed. 994; and Helvering v. Wood, 309 U.S. 637, 60 S.Ct. 807, 84 L.Ed. 993, the value of the building was income realized by the Hills Corporation in 1933. Had Hills Corporation established the cost to it of the right to receive the building at the termination of the lease and segregated that cost from the remainder of the consideration paid, it would be entitled to deduct that cost from the value of the building in arriving at the gain realized, but the burden of establishing and segregating that cost rested upon Hills Corporation,[3] and it failed to meet that burden.

It is not clear from the record whether, in arriving at the valuation of $15,000, the Board took into account the amounts due for taxes on the building and the balance due on the furnace. If they were not taken into consideration, Hills Corporation is entitled to deduct those amounts.

Reversed and remanded with instructions to redetermine the tax in accordance with this opinion.

[1] Young v. Consolidated Implement Co., 23 Utah 586, 65 P. 720, 722;

Morey v. Hoyt, 62 Conn. 542, 26 A. 127, 130, 19 L.R.A. 611;

Fitzgerald v. Anderson, 81 Wis. 341, 51 N.W. 554;

Reader v. Christian, Tex.Civ.App., 234 S.W. 155, 157;

See, also, Glenn v. W. C. Mitchell Co., 8 Cir., 9 F.2d 599, 600.

[2] See cases cited in Note 1.

[3] Josey v. Commissioner, 10 Cir., 104 F.2d 453, 455.