**MISSISSIPPI VALLEY TRUST CO. v.
UNITED STATES (two cases).
BUELTERMANN v. SAME.
Nos. 3196–3198.**

District Court, E. D. Missouri, E. D.
June 23, 1945.

Abraham Lowenhaupt, H. M. Stolar, and Fred L. Kuhlmann, all of St. Louis, Mo., for plaintiffs.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and F. A. Michels, Sp. Assts. to the Atty. Gen., on the brief), for defendant.

HULEN, District Judge.

These actions for refunds of federal income taxes were consolidated because they grow out of the same transaction, and are based upon the same facts. Each plaintiff seeks judgment for taxes paid upon his portion or interest in the value of a building that had been erected by lessee and forfeited on termination of the lease.

Louis Bueltermann, owner ·of a tract of land in the City of St. Louis, entered into a lease covering the premises on July 31, 1928. The property was leased to Harry Specter for a period of ninety-nine years. The lessor's wife joined in the execution of the lease. The lease provided that the lessee would erect a building on the leased premises, and in the event of forfeiture, or on termination, by the lessee, the improvements were to become the property of the lessor. The lessee assigned his interest in the lease to the Corner Investment Company, who erected a building on the leased premises. Subsequently, on March 8, 1935, the lessor died. His wife predeceased him. The lessor's will disposed of his property (including the leased premises, subject to the terms of the outstanding lease). as follows: One-third to plaintiff, Mississippi Valley Trust Company, in trust for Norma Bueltermann, one-third to plaintiff Mississippi Valley Trust Company, in trust for Arthur Bueltermann. The will provided for remainders over to Arthur Bueltermann, Jr., and plaintiff Milton P. Bueltermann, and one-sixth outright to each of the grandchildren last named (one of whom is not a party to this litigation). Aside from showing the interest of the plaintiffs, the terms of the will are not involved in this case.

Subsequent to the death of the lessor, the successor lessee failed to comply with the conditions of the lease, the premises were forfeited under the terms of the lease, and plaintiffs obtained possession of the leased premises on December 23, 1940. Plaintiffs in their respective capacities filed income tax returns for the calendar year 1940, none of which disclosed any income on account of gains resulting from the forfeiture of the lease on premises which had been improved by the lessee by the erection of a building. The Commissioner of Internal Revenue determined that the building erected by the lessee had a value in 1940, the year of the forfeiture of the lease, of fifty thousand dollars, and asserted deficiencies in the taxes of plaintiffs, in their proportionate parts, the gain thus represented. Plaintiffs paid the deficiency, filed claims for refunds, which were refused, and this suit followed. Plaintiffs' right to recover the income tax paid turns upon whether the plaintiffs, who in 1935 received by devise an undivided interest in real estate that was under a ninety-nine year lease, realized income under Sections 11, 12 and 22(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 11, 12, 22(b), when the lease was terminated in 1940, and the building that had been erected on the premises of the lessee was forfeited.

Plaintiffs concede that if Louis Bueltermann had survived until the date of the forfeiture of the lease in 1940, he would have received gain to the amount of the fair market value of the improvements erected by the lessee on the leased premises. Such gain would have been subject to income tax. They base their claim for recovery of the tax paid on Section 113(a) (5) and (b) of the Internal Revenue Code, Title 26 U.S.C.A. Int.Rev.Code, § 113(a) (5) and (b), which reads as follows:

"Sec. 113. Adjusted basis for determining gain or loss.

"(a) *Basis (unadjusted) of property.* The basis of property shall be the cost of such property; except that—* * *

"(5) *Property transmitted at death.* If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be

the fair market value of such property at the time of such acquisition. * * *

"(b) *Adjusted basis.* The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided. * * *"

■ Plaintiffs claim that since the property subject to the lease was valued for inheritance tax purposes in the estate of Louis Bueltermann, the land at $50,000 and improvements at $50,000, in 1935, and that the Commissioner of Internal Revenue in 1940, when the lease was forfeited, found the value of the land to be $35,000 and improvements $50,000, there has been no gain to them by the forfeiture of the lease. Defendants answer by pointing to Paragraph (b) of Section 113, as authority for the proposition that Paragraph (a) (5) of Section 113 of the Internal Revenue Code applies only to the "sale or other disposition of property." This contention was sustained by a ruling of the Seventh Circuit in the case of Friend et al v. Commissioner of Internal Revenue, 1941, 119 F.2d 959, 961, certiorari denied 314 U.S. 673, 62 S. Ct. 136, 86 L.Ed. 538. This opinion this Court feels bound to follow. Referring to Section 113(a) (5) the Court said: "It is plain from a reading of the statute that what is meant is to give the asset, whatever it may be, a basis for valuation *for the purpose of determining gain or loss for income tax purposes in the event of a future sale of the asset.* The statute can not be construed, even in conjunction with the valuation for estate tax purposes and the payment of that tax, to place the petitioners in the position of a purchaser of the leaseholds for a valuable consideration. Therefore, the contention of the petitioners must fail, and their other contentions must fall with it." (Emphasis added.)

■ Plaintiffs' reply brief concedes that they are in agreement with defendant that Section 113(a) (5) of the Internal Revenue Code supplies the "basis" of value for gain or loss only in case of "sale or other disposition" of the property:

"The forfeiture of the lease does involve a 'disposition' of plaintiffs' property and therefore section 113(a) (5) is applicable. * * * Plaintiffs surrendered, lost, and disposed of the land and the improvements subject to the lease, which had been valued in the aggregate at $100,000 in 1935, and acquired land and improvements free from the lease valued in the aggregate at $85,-000. * * *

"It is true, as stated in defendant's brief, that, when the lease was forfeited, plaintiffs acquired possession of the improvements. But they acquired this property right only after disposing of other property rights that they had originally inherited from their ancestor—the land and the improvements subject to the lease. There was a 'disposition' of property within the meaning of section 113(a) (5)."

We are unable to agree with plaintiffs in this line of reasoning. There was no disposition of any interest in the property in 1940 by the plaintiffs. They simply acquired possession of the property theretofore held by them, free and clear of any leasehold rights.

■ Plaintiffs admit that had the original lessor been living on the date of the forfeiture of the lease, there would be no basis for resisting income tax liability on his part on the gain he would have *"received"* at the time of the forfeiture of the lease, but seek shelter from income tax liability when they "received" the property unencumbered by the lease because the "lessor in interest" changed hands after the lease was executed and before it was forfeited. The plaintiffs could receive from the lessor by devise no greater interest in the property than the lessor possessed at the time of his death. Plaintiffs took, in their separate proportions, only what the lessor possessed at the time of his death. The plaintiffs' position is not improved because the property, subject to the lease, for inheritance tax purposes was valued at $100,000 in 1935. Referring to the decision in the case of Friend v. Commissioner of Internal Revenue, supra (and Chase National Bank v. United States, 278 U.S. 327 loc. cit. 334, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388, and Igleheart v. Commissioner of Internal Revenue, 5 Cir., 77 F.2d 704, loc. cit. 712) as authority, we hold an estate tax is not a tax on property, but an excise tax based on the privilege of transmitting property of a decedent upon his death, the tax measured by the value of the property transmitted. The court stated in the Friend case, supra, "This tax has in no way affected the rights of the petitioners *and can not be regarded as the*

*cost of acquisition of the leases."* (Emphasis added.)

The plaintiffs acquired the reversionary interest of the lessors, namely the leased premises, subject to the lease, including the right to receive future rentals under the lease and the buildings erected thereon by the tenant at the termination of the lease. The lease was terminated in 1940, and thereupon the unencumbered right to the building erected by the tenant became the property of the plaintiffs in the proportions set out under the will of the lessor. The value of the building thus received by the plaintiff was income realized by the plaintiffs in 1940 under the ruling of the Supreme Court in Helvering v. Bruun, 309 U. S. 461, 60 S.Ct. 631, 84 L.Ed. 864 (and Commissioner of Internal Revenue v. Hills Corporation, 10 Cir., 115 F.2d 322). We do not consider the decisions of the appellate courts of Missouri holding that title to improvements placed on real estate vests in the lessor the instant it is erected as in conflict with the ruling in the Bruun case. The question is, in what year was the income realized by the lessor, or in the present case, heirs of the lessor. Under the holding of the Supreme Court in the Bruun case, the gain was realized by plaintiffs in the year of "repossession" of the leased premises. The lease was forfeited and "repossession" took place in the year 1940. In that year the plaintiffs received improvements unencumbered by the lease. The gain was taxable in that year. The Commissioner found there was a gain of fifty thousand dollars. The assessment of the tax is prima facie correct, casting upon plaintiffs the burden of showing that the Commissioner's ruling was in error. This they have failed to do. (United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131, Wickwire v. Reinecke, 275 U.S. 101, 48 S. Ct. 43, 72 L.Ed. 184).

▮▮ Deductions based upon payments of local taxes are allowable only in the year in which they are paid (Quinn v. Commissioner of Internal Revenue, 5 Cir., 111 P.2d 372) where the taxpayer is on a cash receipts and disbursements basis, as were the plaintiffs. Expenditures made by plaintiffs in obtaining possession of the leased premises, such as attorneys' fees, sheriff's fee and publication of notice, title examination, appraisers' fees, are not deductible from gross income in order to compute net income. They may be made a capital charge and added to the cost of the property as a basis in computing capital gain or loss on subsequent disposition of the premises. Bowers v. Lumkin, 4 Cir., 140 F.2d 927, 151 A.L.R. 1336. Findings of fact, conclusions of law, and judgment may be submitted in accordance herewith.