**UNITED STATES v. CARTER et al.**

Circuit Court of Appeals, Fifth Circuit. May 10, 1927.

No. 4925.

1. Internal revenue ⊕⊃7(10)—Mere growth or increment in value of asset not sold or disposed of is not "income" (Revenue Act 1921, § 213 [Comp. St. § 6336⅛ff]).

Mere growth or increment in value of asset, which is not sold or otherwise disposed of by the owner, is not "income," within Revenue Act 1921, § 213 (Comp. St. § 6336⅛ff).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

2. Internal revenue ⊕⊃7(10)—Difference between estimated and actual value of deceased's interest in partnership held not "profit or gain," taxable as income (Revenue Act 1921, § 213 [Comp. St. § 6336⅛ff]).

Where executors were unable to estimate exact value of partnership interest of deceased at time of filing return for estate tax purposes, the difference between estimated and actual value, as subsequently determined, held not to constitute "profit or gain," within Revenue Act 1921, § 213 (Comp. St. § 6336⅛ff), which was taxable as income.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Profit.]

Foster, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Suit by F. B. Carter and another, executors of the estate of W. A. Blount, deceased, against the United States. Decree for plaintiffs, and the United States appeals. Affirmed.

Wm. T. Sabine, Jr., of Washington, D. C., Fred Cubberly, U. S. Atty., of Gainesville, Fla., and Geo. Earl Hoffman, Asst. U. S. Atty., of Pensacola, Fla. (A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and Wm. T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

J. E. D. Yonge, of Pensacola, Fla. (Francis B. Carter, of Pensacola, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By the decree appealed from the appellees, as executors of the will of William A. Blount, deceased, were awarded the amount of income taxes for the year 1923 paid by them under protest, for which their claim for abatement or refund had been duly presented to the Com-missioner of Internal Revenue and denied by that official. The decree is complained of, in so far as the amount awarded included the income tax for the year 1923, paid on an item of $2,834.42. That item was the difference between the sum of $20,000, the amount stated in the return, made in June, 1922, of the appellees for estate tax purposes of the estimated value of the interest of the deceased at the time of his death on June 15, 1921, in a law partnership of which he was a member, and the sum of $22,834.42, which the appellees, who were surviving partners of the deceased, had distributed to themselves as executors of deceased's will, when they made their income tax return as such executors for the year 1923.

At the time of deceased's death there was much uncompleted business in the hands of the firm of which he was a member. There was nothing in the partnership agreement regulating or defining the rights and duties of surviving partners in case of the death of a partner, nor the interest which a deceased's partner's legal representative would have in the partnership business which was unfinished at the time of a partner's death. The appellees, shortly after the deceased's death, concluded that, regardless of their legal rights as between themselves and the estate of the deceased, they would, as surviving partners, complete all business of every nature and character in the hands of the firm at the time of deceased's death, and pay to themselves as executors of deceased's will the same percentage of the net earnings thereafter collected on account of that business as the deceased was receiving at the time of his death.

At the time appellees, as executors, made their return for the purposes of estate taxation, it was not possible for them to know the actual value of the deceased's interest in the firm of which he had been a member, as in many instances fees from business in the hands of the firm were dependent upon the results of pending litigation or other contingencies. The Commissioner of Internal Revenue required appellees to return the estimated fair value of that interest in their return for estate tax purposes, which was required to be made and was made in June, 1922. Their valuation of that interest in that return was merely an arbitrary guess. The appellees offered to return the item in question for estate tax purposes by making an additional or supplemental return, if the Commissioner of Internal Revenue would permit them to do so.

[1,2] In Eisner v. MacComber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, income was defined as the gain derived from capital, from labor, or from both combined, including profit gained through a sale or conversion of capital assets. The court's analysis and elucidation of that definition in that case and in later cases (Merchants' L. & T. Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305; Goodrich v. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758) make it plain that a mere growth or increment in the value of an asset, which is not sold or otherwise disposed of by the owner, is not income. As defined in section 213 of the Revenue Act of 1921 (42 Stat. 237 [Comp. St. § 6336⅛ff]), gross income "includes gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property."

As recognized by the appellees, the interest of the deceased's estate in the partnership of which he was a member at the time of his death was the right to receive a designated share of the net amount realized from the business which was in the hands of the firm at that time. What the appellees have received from that source came to them as part of the corpus of the estate of the deceased. They have not sold, converted, or otherwise disposed of that asset, or any part of it. No income accrued to the estate of the deceased, or to the executors of his will, from the fact that the executors, in making the return for estate tax purposes, estimated the value of deceased's interest in his firm at less than it actually was worth. All along the appellees were entitled to what the deceased's interest in the firm actually was worth.

The difference between the estimated value at one date and the greater ascertained actual value at a later date of an asset retained by its owner is not income, within the definitions given in the above-cited statute and decisions. The item in question was an integral part of the corpus of the estate, received and retained by the executors, not a gain or profit issuing and severed from a capital asset. It does not include any earnings or revenue produced by capital after it came into the possession of the executors. It is not taxable as income, on the ground that it is the difference between the value of property at the time it was acquired and a higher value at which it was sold or otherwise disposed of. Being merely the amount of the difference between the estimated and actual value of an asset which remains unconverted or undisposed of, it does not represent a profit or gain which is taxable as income.

The decree is affirmed.

FOSTER, Circuit Judge, dissents.