**BUELTERMANN v. UNITED STATES.**
No. 13206.

Circuit Court of Appeals, Eighth Circuit.
May 29, 1946.

Fred L. Kuhlmann, of St. Louis, Mo. (Abraham Lowenhaupt and H. M. Stolar, both of St. Louis, Mo., on the brief), for appellant.

Louise Foster, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., Robert N. Anderson, Sp. Asst. to Atty Gen., Harry ·C. Blanton, U. S. Atty., of Sikeston, Mo., and Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Louis Bueltermann, the owner of a tract of land in the City of St. Louis, Missouri, entered into a contract leasing the land for a term of 99 years beginning July 31, 1928. The lease required that the lessee erect a building on the leased premises and provided that in the event of forfeiture or termination of the lease the building was to become the property of the lessor. The lessee erected the building as required by the lease.

Louis Bueltermann died March 8, 1935. At the time of his death he was the owner of the leased premises and building subject to the lease. By his last will and testament he devised this property to certain of his children and grandchildren. Under the will the appellant in this case, Milton T. Bueltermann, a grandson, received a one-sixth interest in the property in question. The Commissioner of Internal Revenue made a Federal estate tax assessment against the lessor's estate based upon a valuation of $100,000 for the estate's interest in the land and in the building on the land. The Federal estate tax based on this valuation was paid.

On December 23, 1940, Milton T. Bueltermann and the other devisees under the will of Louis Bueltermann, deceased, declared a forfeiture of the lease because of a default of the lessee in performance under the lease, and took possession of the land and of the building erected by the lessee.

The Commissioner determined that the owners of the leased premises derived income for the year 1940 as the result of the forfeiture of the lease in the amount of the value of the building. The Commissioner determined the value of the land at the time of the forfeiture of the lease to be $35,000 and the value of the building on the same date to be $50,000. Accordingly, he held that one-sixth of the value of the building, or $8,333.34, was taxable income of Milton T. Bueltermann in the year 1940. This determination resulted in .the assessment of a deficiency in the income tax of Bueltermann for that year. His claim for refund having been rejected, Milton T. Bueltermann brought this action in the District Court to recover the tax paid. He appeals from the judgment in favor of the United States.

The solution of the problem presented depends upon the application of the sections of the Revenue Code [1] effective for the year 1940 to the facts in this case.

---

[1] "Sec. 22. Gross income [26 U.S.C.A. Int.Rev.Code, § 22].

"(a) General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal * * *; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

"(f) Determination of gain or loss. In the case of a sale or other disposition of property, the gain or loss shall be computed as provided in section 111."

"Sec. 111. Determination of amount of, and recognition of, gain or loss [26 U.S. C.A. Int.Rev.Code, § 111].

"(a) Computation of gain or loss. The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b) for determining gain * * *.

"(b) Amount realized. The amount realized from the sale or other disposi-

In Helvering v. Bruun, 309 U.S. 461, 60 S.Ct. 631, 634, 84 L.Ed. 864,[2] the Supreme Court held that a lessor in a lease under which the lessee had constructed a building upon the leased property, which became the property of the lessor upon a termination of the lease, received income to the extent of the gain realized when, on the termination of the lease, he "received back his land with a new building on it, which added an ascertainable amount to its value." Under the facts in the Bruun case the amount of the lessor's taxable gain was fixed at the difference between the unamortized cost of old buildings of the lessor removed from the land for the construction of the new building and the value of the new building at the date of the termination of the lease. The basis of the lessor's property for the computation of his gain in the transaction was the unamortized cost of the buildings on the leased premises which were destroyed for the erection of the new building.

In this case, as in the Bruun case, it is necessary, in order to compute the gain, if any, realized by the owners of the leased premises upon the forfeiture of the lease and the receipt by them of full possession and use of the land with the building erected by the lessee, to determine the owners' basis for the leased property, and the value of the building at the termination of the lease.

■ The taxpayer's share of the property was acquired by devise. Section 113(a) (5) of the Internal Revenue Code provides that when property is acquired by devise its basis for determining gain or loss shall be its fair market value at the time of its acquisition. The time of acquisition of property acquired by devise is the date of the death of the decedent. Helvering v. Reynolds, 313 U.S. 428, 61 S.Ct. 971, 85 L. Ed. 1438, 134 A.L.R. 1155. The taxpayer contends that his basis for the computation of gain or loss is fixed by this section of the Revenue Code, and that, since under the evidence the value of the property in his hands as a devisee taken as a whole was greater than its value on the date of the forfeiture of the lease and since the value of the building at the time of acquisition was equal to the value of the building on the date of the forfeiture of the lease, no gain was realized. The Government meets this contention by the assertion that section 113(a) (5) must be read in connection with sections 22(a) and 111(a) of the Code, and that when the sections are read together it appears that the basis of the property acquired by devise, as provided in section 113 (a) (5), applies only in case of a sale or other disposition of the property. The argument is that forfeiture of a lease for a default in the lessee's covenants is not a "sale or other disposition" of property within the meaning of the phrase as used in the Revenue Code, and that for this reason section 113(a) (5) has no application to the facts in the present case. We can not agree with this contention.

■ The phrase "sale or other disposition of property" is broad enough to include within its meaning as used in the Revenue Act the transaction involved in the present case. Herbert's Estate v. Commissioner, 3 Cir., 139 F.2d 756, 758, certiorari denied

tion of property shall be the sum of any money received plus the fair market value of the property (other than money) received."

"Sec. 113. Adjusted basis for determining gain or loss [26 U.S.C.A. Int. Rev.Code, § 113].

"(a) Basis (unadjusted) of property. The basis of property shall be the cost of such property; except that—

*     *     *     *     *

"(5) Property transmitted at death. If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition.

*     *     *     *     *

"(b) Adjusted basis. The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided."

[2] Congress has now in effect abrogated the Bruun decision by excluding from gross income of the lessor in the year of termination of the lease the value of improvements made by the lessee. See § 22(b) (11) added to the Internal Revenue Code by the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Code, § 22(b) (11).

322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582; Helvering v. Roth, 2 Cir., 115 F.2d 239, 241; and see also Gutbro Holding Co. v. Commissioner, 2 Cir., 138 F.2d 16, 21. In the Herbert's Estate case the deceased at the time of his death had a claim against a corporation in the face amount of $531,817.-75, represented by notes and an open account, the fair market value of which at the time of his death was $200,191.90. In the course of the administration of the estate the executors realized upon the claim the sum of $295,803.61. If the decedent had realized the same amount in settlement of his claim against the corporation, he would have sustained a loss. The Commissioner, however, in computing the income tax of the estate, adopted as the basis of the claim its fair market value at the time of decedent's death with the result that the estate realized gain. The determination was sustained. The court said that the basic issue in the case was whether one who acquires a claim against a third person makes a disposition of it within the meaning of the phrase "other disposition" when the third person pays it. It pointed out that the dictionary definition of "disposition," the meaning commonly attributed to the word, is "the getting rid, or making over, of anything; relinquishment"; and it held that the settlement by the executors of the claim which they received from the decedent under his will was a disposition of property within the meaning of section 111(a). Here the owners by declaring a forfeiture of the lease relinquished their rights under the lease and received possession of the land and building.

In the Bruun case it was held that the definition of income in section 22(a) of the Revenue Code was broad enough to include gain realized by the lessor upon the forfeiture of a lease. On the facts of the case the application of section 113(a) (5) was not involved. The application of section 111(a) on the question of basis was not raised in the Bruun case, but the section was as relevant on the question in that case as it is in the present case. However, in the computation of the lessor's gain the basis adopted was the lessor's cost (section 113(a)) adjusted as required by section 113 (b), a method of computation which could

not have been adopted if the provisions of section 113 of the Code had no application, in a case where gain is realized by a taxpayer by the receipt of the value of a building erected upon his land under a long-term lease. The Bruun case can not, in our opinion, be accepted as authority for the contention which the Government makes in the present case.

The Government contends that, if the basis of the property in the hands of the taxpayer is the fair market value of the property at the time of the death of decedent, the evidence is insufficient to establish that basis. It admits, however, the correctness of the District Court's finding that for the purpose of the Federal estate tax the estate's interest in the land and in the building on the land, the property in which taxpayer acquired a share by devise, was valued at $100,000. Section 19.113(a) (5)-1(c), Treasury Department Regulations 103, provides that: "For the purposes of this section [§ 113(a) (5)], the value of property as of the date of the death of the decedent as appraised for the purpose of Federal estate tax * * * shall be deemed to be its fair market value at the time of the death of the decedent."

The Government offered no evidence as to the value of the property on the date of decedent's death. Its own determination for estate tax purposes is prima facie correct, and must be accepted as fixing taxpayer's basis for the computation of gain or loss for income tax purposes on the date of the forfeiture of the lease. On that date the admitted value of the property received through the forfeiture was $85,000, of which $50,000 was fixed by the Commissioner as the value of the building. Moreover, an expert witness familiar with the land before the erection of the building testified that its value as vacant property at the time of the execution of the lease was $50,000. This witness, whose qualifications were admitted by the Government, had also inspected the building at the time of its erection, and he placed the value of the property with the building, subject to the lease, at the time of the completion of the building at $100,000. On the forfeiture of the lease the taxpayer realized no gain.

In final analysis, the Government's contention is that the taxpayer's basis for the computation of gain or loss was the same as the basis in the hands of decedent, which the parties agree was zero. But this contention ignores section 113(a) (5) which establishes for the taxpayer a new and different basis from that of the decedent for the property received by devise. Herbert's Estate v. Commissioner, supra. The taxpayer's basis under section 113(a) (5) was, as we have seen, the value of the interest in the land and the building which he acquired by devise on the death of the decedent.

The judgment of the District Court is reversed.