## COMMISSIONER OF INTERNAL REVENUE v. PEARSON et al.

### No. 13387.

United States Court of Appeals
Fifth Circuit.

April 11, 1951.

Rehearing Denied May 24, 1951.

Hilbert P. Zarky, Ellis N. Slack, and A. F. Prescott, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Claude R. Mar-

shall, Special Attorney, Bureau of Internal Revenue, Washington, D. C., for appellant.

S. L. Mayo, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This is one of three cases[1] in which, though the lessor ancestor, having no cost, had no basis for depreciation,[2] the Tax Court has held that, under Sec. 113(a) (5), I.R.C., 26 U.S.C.A. § 113(a) (5)[3] an heir has such a base in a building constructed by the lessee.

Taxpayer here, Helen Blesi Pearson, inherited an interest in the Gulf States Building property, a lot in downtown Dallas which was subject to a long term lease and on which the lessee had constructed a building at its sole expense, the building having an estimated useful life less than the term of the lease.

Claiming that she and her husband, hereinafter referred to as taxpayer, were entitled to deductions for depreciation on the basis of the fair market value of the property included in the gross estate of Mrs. Pearson's mother from whom the property was inherited, they made their returns accordingly.

These deductions, though disallowed by the Commissioner, were allowed by the Tax Court, and the Commissioner is here complaining of that allowance.

What is in question here is the correctness of the Tax Court's holding that, though her ancestor had no cost basis for, and was therefore not entitled to, depreciation, taxpayer, by the incidence of the estate tax, had, under Section 113(a) (5), supra, acquired such basis. This basis was the fair market value of the property in question at the time of her ancestor's death, or its "equivalent under Regulations 103, Sec. 19.113(a) (5)", "the figure at which it was returned for estate tax purposes."

Laying emphasis on the fact that the interest of taxpayer's ancestor in the property was included in her gross estate at the total value of $412,500, and to the stipulation that the fair market value of the Gulf States Building at that time was at least $450,000, a divided Tax Court held that the case was ruled by that of Currier v. Commissioner of Internal Revenue, 7 T.C. 980, and that taxpayer was entitled to the depreciation claimed.

Strongly disagreeing with the decision of the majority and the order based thereon, the Commissioner is here insisting that, under the undisputed facts[4] in this case,

1. (1) Currier v. Commissioner of Internal Revenue, 7 T.C. 980, in which the commissioner first acquiesced, then withdrew his acquiescence; (2) This case, decided by a sharply divided court, 13 T.C. 851; (3) Mary Young Moore, 15 T.C. 906.

2. Reisinger v. Commissioner of Internal Revenue, 2 Cir., 144 F.2d 475; Detroit Edison Co. v. Commissioner, 319 U.S. 98, 63 S.Ct. 902, 87 L.Ed. 1286.

3. § 113. Adjusted basis for determining gain or loss.
    "(a) Basis (unadjusted) of property. The basis of property shall be the cost of such property; except that—* * *
    "(5) Property transmitted at death. If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. * * *"

4. These are:
    (1) That taxpayer's ancestors, Charles and Ellen Rowan, owning real estate in the center of downtown Dallas, on March 1, 1919, executed a 65 year lease upon consideration of the payment of $16,500 in 1925 and after as yearly rental and the construction of a building by the lessees thereon, which, when erected, was to become and remain the property of the lessors;
    (2) That on July 14, 1919, Charles Rowan conveyed his entire interest in the property to his wife, Mrs. Ellen Rowan, and on Aug. 10, 1924, Mrs. Ellen Rowan conveyed a full interest to her son, Albert Rowan, and her two daughters, Mrs. Freenor and Mrs. Blesi, the mother of taxpayer, Mrs. Pearson.
    (3) That, in 1928, the lessees constructed a building, known as the Gulf States Building, at a cost of approximately $500,000, with an estimated useful life of fifty years from its completion, and a few years later, added additions thereto at a cost of $485,000;
    (4) That on Mrs. Rowan's death, in 1940, the Commissioner, on the ground that there had been no real conveyance

establishing that the building was put up at the sole cost of the lessee and that its useful life would expire before the life of the lease was over, the holding of the Tax Court is without support in law or in fact.

Basing his attack upon the decision, on the stipulated and proven facts, the Commissioner urges upon us that it is a contradiction in terms to say that taxpayer, as the owner of an interest in the land on which the building stands, and receiving as ground rent therefor her part of $16,500 a year, owns an interest in a wasting or depreciable asset, when taxpayer did not contribute to the cost of the building and its useful, its depreciable, life would be ended before the expiration of the lease.

We agree with the general view of the Tax Court that there is no necessary inconsistency in the holding that, though an ancestor, lessor, having no cost basis, does not have a depreciable interest in a building erected by a lessee, an heir may, as an incidence of estate taxation, and, under Sec. 113(a) (5), I.R.C., have a basis for depreciation and an interest to depreciate.

We agree with the Commissioner, though, that this is not a case for such a holding.

For here, notwithstanding the incompletely phrased stipulation that the fair market value of the Gulf States Building was at least $450,000, it is established by the undisputed evidence that the fair market value of the building alone, as distinguished from the value of the property as a whole, was, as to the lessor, zero. For it is established that the property was valued for estate purposes upon the basis of the cash ground rental of the lot beginning in 1925, and continuing for the term of the lease, a figure certainly less than its value in 1940.

It cannot, therefore, be claimed, as taxpayer and the Tax Court do, that the value fixed for estate tax purposes in 1940, was the value of the building alone, with nothing allowed for the land, when the undisputed facts show that, beginning in 1925, the land without the building on it had a ground rent value of at least $16,500 a year.

It is true enough that the estate tax valuation, fixed under the invoked section of the Code, does operate to furnish a new base for determining the gain or loss from the sale or other disposition of property, and, to the extent that depreciable property enters into it, for the depreciation of that property. In using the estate tax-valuation of property transmitted, however, the burden of showing whether any, and, if so, how much, of this value is made up of property in which the taxpayer has a depreciable interest, is upon the taxpayer, and upon the undisputed facts as to the valuation for estate tax purposes here, that burden is too heavy to be borne.

In insisting here that the claimed depreciation should be allowed, taxpayer and Tax Court proceed not upon proof satisfying that burden but upon the wholly un-

to her children, included in her gross estate the total value of $412,500 for her interest in the Gulf States Building, giving the following explanation:

"This property was under a 66-year lease at $16,500 per year net rental payable monthly, is centrally located and improved with an excellent office building of about fourteen stories and any improvements on the lot will revert to the lessors at the expiration of the lease in 1985. Recommended value based upon allowance to the Estate of four per cent return on their investment."

H. R. Butler, who made the valuation, testified that this amount represented the value of the fee or the lot subject to the lease and was determined by the rental. An additional estate tax was paid accordingly.

(5) Taxpayer's mother, Mrs. Blesi, died in 1941, and taxpayer inherited her one-third interest in that property, and it is in respect of that interest and because of that valuation that the taxpayer claims the depreciable interest and the deduction in controversy here.

(6) On the trial of the case, it was stipulated, "The fair market value of the Gulf States Building in both 1940 and 1941 was at least $450,000; and that the City of Dallas assessed values for the property were: for the land $348,753 in both years; and for the building, $488,647 in 1940, and $493,507 in 1941;

(7) It was agreed that the estimated useful life of the building would not extend beyond the life of the lease.

founded assumption that the stipulation as to the value of the building has completely satisfied it.

This will not at all do. The stipulation did not answer, it did not undertake to deal with, the critical question whether this stipulated value attributed to the building as such, or any part of it, entered into the valuation of the property for estate tax purposes or was intended to value the taxpayer's, as opposed to the lessee's, depreciable interest therein.

Indeed, in the light of the stipulation that Mrs. Rowan's whole interest in the property for estate tax purposes was valued at $412,-500, the figure which at four percent would produce $16,500 as cash rental, the amount of $450,000 fixed for the building cannot possibly be taken as intended to be a valuation of the interest of the estate in the building as distinguished from the property as a whole.

Upon the record as a whole, the stipulated value of the building is not at all determinative of the question posed here. Indeed, it is without material bearing on it. It does not purport to deal with, much less to settle, what value, if any, was attributed to the building alone for estate tax purposes. It cannot on this record be taken as proof that the building was accorded any value as a depreciable asset in the hand of the taxpayer.

An examination of the Currier and Moore cases will show that in both of them,—whether rightly or wrongly we need not say,—the Tax Court, as a basis for its holding that the taxpayer was entitled to depreciation, found that the value fixed for estate tax purposes included depreciable property in the amount it allowed.

In this case the Tax Court made no such finding. As above shown, erroneously relying on the stipulation that the building had a value in excess of $450,000, it assumed that adequate proof, for purposes of depreciation allowance, had been made. In this way, and in this way alone, was it able, to give effect to the distortion of the evidence produced by the insistence of the taxpayer that the value of the land for estate tax purposes was taken at zero, and thus to grant the taxpayer's claim to a depreciable base.

We need not, we do not, determine, whether, as the Commissioner contends, the Currier case was wrongly decided and, therefore, the whole pyramid, Currier, Pearson, and Moore, erected by the Tax Court in support of the claim of an heir to depreciation on property as to which the ancestor had no depreciable base, must fall. It is sufficient for us to say that, as appears from the Tax Court's citation in the Moore case of Bueltermann v. U. S., 8 Cir., 155 F.2d 597, a case dealing with gains, as authoritative there, the Tax Court has not distinguished between, but has confused, the proof necessary to establish a new basis under Section 113(a) (5) for gain or loss and that necessary to establish a new basis for depreciation.[5] It is sufficient for us to hold, as we do, that, viewed with this distinction kept clearly in mind, the evidence in this case does not support the claim of the taxpayer and the finding of the Tax Court in her favor, and that the Court's order may not stand.

The order appealed from is Reversed and the cause is Remanded with directions to restore the deficiency.

---

5. Paducah Water Co. v. Commissioner, 59 App.D.C. 84, 33 F.2d 559; Friend v. Commissioner, 7 Cir., 119 F.2d 959.