ESTATE OF JOHN W. F. HOBBS, DECEASED, LEON P. HOBBS, ERMINIE B. HOBBS, CLAUDE L. ALLEN, EXECUTORS AND TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23188, 23189. Promulgated June 8, 1951.

Henry A. Mallrasian, Esq., and Howard C. Connor, Esq., for the petitioners.

James R. McGowan, Esq., for the respondent.

OPINION.

BLACK, *Judge:* Petitioner states the issues involved in these consolidated proceeding in its brief, as follows:

1. Is the estate of a decedent, which estate is the successor co-lessee together with another person of certain commercial property upon a long-term lease which had several years to run at the date of deatⱨ of decedent, and which leased property was sub-let to various commercial establishments, and in the reversion of which real estate, the estate owned a one-fifth undivided interest, entitled to recover the cost basis of the leasehold interest, being the fair market value of the leasehold at the date of death of the executors' testate, over the remaining term of the lease?

2. Is a trust under the will of a decedent, which trust is the successor co-lessee together with another person of certain property upon a long-term lease which had several years to run at the date of death of decedent, and which leased property was sub-let to various commercial establishments, and in the reversion of which real estate, the trust owned a one-fifth undivided interest, entitled to recover the cost basis of the leasehold interest, being the fair market value of the leasehold at the date of death of the trustees' testate, over the remaining term of the lease?

1. We shall first take up Issue 1. The applicable sections of the Internal Revenue Code are printed in the margin.[1]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

  *     .     *     *     *     *     *

(1) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—
(1) of property used in the trade or business, or
(2) of property held for the production of income.

In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the'trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

  *     *     *     *     *     *     *

(5) PROPERTY TRANSMITTED AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. In the case of property transferred in trust to pay the income for life to or upon the order or direction of the grantor, with the right reserved to the grantor at all times prior to his death to revoke the trust, the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death. For the purpose of this paragraph property passing without full and adequate consideration under a general power of appointment exercised by will shall be deemed to be property passing from the individual exercising such power by bequest or devise.  *  *  *

In the first place, we think we should point out that this is not a case where the lessors of a long term lease seek depreciation deductions on a building erected on the leased land by a lessee at no cost to the lessors, and where the useful life of the building is of shorter duration than the remaining life of the lease, and where the leasehold has been acquired by successors by bequest, devise, or inheritance as in *Charles Bertram Currier*, 7 T. C. 980; *J. Charles Pearson, Jr.*, 13 T. C. 851, revd. (C. A. 5, 1951), 188 F. 2d 72; *Mary Young Moore*, 15 T. C. 906. In the instant case decedent John W. F. Hobbs and his brother, Leon P. Hobbs, leased for a term of 45 years from their father on February 1, 1921, certain property described in our findings of fact for an annual rental of $1,800. They constructed certain improvements on the property and subleased it to other tenants from whom they received annual rentals shown in our findings of fact.

On January 10, 1944, John W. F. Hobbs died testate and at the time of his death he was the owner of a one-half interest in this leasehold which was acquired by himself and his brother from their father in 1921. At the date of the death of John W. F. Hobbs this lease had 25 years and 18 days to run. The Commissioner in his determination of the estate tax due by the estate of John W. F. Hobbs valued his one-half interest in the leasehold, plus the property situated thereon, at $64,800 and valued his one-fifth interest in the reversion at $1,972.

Although it has not been commented upon by either party in his brief, it should be noted at this point that the Commissioner has not valued decedent's one-half interest in the leasehold at $64,800. The Commissioner valued the leasehold proper at $114,600 and decedent's one-half interest therein at $57,300. To reach his valuation of $64,800 as the value of decedent's interest, the Commissioner added $7,500 as decedent's one-half interest in the buildings which decedent and his brother had erected on the leased premises. We have no issue here as to any allowance for depreciation on these buildings. What we do have is an issue as to the amortization of a leasehold which the Commissioner has valued at $114,600 at the date of decedent's death, decedent's one-half interest therein being valued at $57,300.

Petitioners, as executors and later as trustees, succeeded to the ownership of a one-half interest in the leasehold and a one-fifth interest in the reversion. Petitioners do not claim any amortization of the $1,972 value of the reversion but they do claim amortization of the $64,800 valuation of the leasehold spread over the remaining life of the lease.

Respondent contends that petitioners are not entitled to any deduction for amortization of the leasehold and relies largely upon our decision in *Milton H. Friend et al., Trustees*, 40 B. T. A. 768, affd.,

119 F. 2d 959. We think the *Friend* case would be entirely in point if John W. F. Hobbs, the owner of one-half the leasehold had also been the owner of one-half interest in the reversion, but that was not the case. At the time of the death of John W. F. Hobbs he owned only one-fifth interest in the reversion. In the *Friend* case we said:

We are not dealing here with the case of a taxpayer who has acquired by purchase or by inheritance a right to receive a periodic sum of money for a term of years. Clearly if a taxpayer had invested money in acquiring such right he would be entitled to deduct from the rents received each year an aliquot part of the cost of his investment; for he would be entitled under the statute to recover back the cost of his investment without being taxed thereon.

What we are dealing with here is the case of an estate which owns the fee of real estate which is advantageously leased. The estate had the fee simple title to the real estate located at 6308–6314 South Halsted Street. In a fee simple title all lesser estates, rights, titles, and interests merge. *William Robert Farmer*, 1 B. T. A. 711. We think it immaterial that for the purpose of determining the tax liability in these proceedings the respondent determined the value of the fee by separately valuing the right to receive rentals over the terms of the leases and the remainder interests.

Petitioners in their brief argue that even if we disregard the differences in the two cases and apply the same reasoning to a lessee as owner of the reversion as the Court did in the *Friend* case in the situation of a lessor who is the owner of the reversion, then the exhaustion allowable in the instant case would amount to four-fifths of $64,800, the fair market value, spread over the remaining term of the lease. Petitioners contend that even if at the end of the term the property was re-leased by the owners of the fee on as favorable terms as presently leased to the sublessees, the gross income from rents to be received by petitioners would be one-fifth of the amount they now receive as lessees from their subleases, so that four-fifths of their property value will necessarily have been exhausted. Petitioners say that it must be remembered that we are here concerned with only that one-half interest in the lease which petitioners' estate owned, for his colessee is alive and still owns his one-half. We think petitioners' distinction between the *Friend* case and the instant case in the above respect must be sustained. In the *Friend* case the taxpayers were the owners of the entire fee. In the instant case, petitioners are only the owners of one-fifth of the reversion.

Petitioners concede that John W. F. Hobbs in his lifetime would not have been entitled to any amortization of his leasehold interest because it cost him nothing. They contend, however, that the situation was changed when decedent died and his estate, and later the testamentary trust, succeeded to his ownership of the leasehold interest. They cite in support of their contention our opinion in *Charles Bertram Currier*, *supra*, in which we said:

\* \* \* But the function of the owner's investment, which in such cases is otherwise absent and which the depreciation deductions are hence not required to replace, cf. *Detroit Edison Co.* v. *Commissioner*, 319 U. S. 98, is, in the case of inherited property, performed by the intervention of the estate tax upon the improvements transmitted from decedent to devisee. The basis of inherited property is accordingly not cost, as it was in the *Detroit Edison* and *Reisinger* cases, and to say that a property cost the taxpayer nothing makes no contribution to the solution of the present question. As opposed to cost, the basis of property acquired by devise is categorically fixed by statute as fair market value on the date of acquisition. Internal Revenue Code, sec. 113 (a) (5). Hence, if we can discover the fair market value of the property in question at the date of decedent's death, *Augustus* v. *Commissioner* (C. C. A., 6th Cir.), 118 Fed. (2d) 88, (or the figure at which it was returned for estate tax purposes, which is recognized as the equivalent, Regulations 103, sec. 19.113 (a) (5)) the upshot would ordinarily be its basis for depreciation in petitioner's hands, without any reference to its "cost." Having acquired a basis by the incidence of the estate tax, the gradually disappearing value of a wasting asset can not be replaced except by periodic depreciation adjustments.

While, as we have already pointed out, the *Currier* case had to do with claimed depreciation of a building on the leased premises erected by the lessee without cost to the lessor and the instant case has no such question involved, nevertheless what we said as to basis under section 113 (a) (5) is equally applicable here. The upshot of our holding is that while petitioners are not entitled to amortization based on the valuation of $64,800 under the doctrine of the *Friend* case, *supra*, because they were the owners of a one-fifth interest in the reversion, nevertheless they are entitled, we think, to an amortization deduction of four-fifths of $57,300 spread over the remaining life of the lease.

We have already pointed out that the value of decedent's one-half interest in the leasehold was $57,300, and not $64,800 as contended by petitioners. As to the importance of separately finding the value of the leasehold interests and the value of buildings situated on the leased premises, see the Fifth Circuit's opinion in the recent case of *Commissioner* v. *Pearson*, *supra*. We hold that petitioners are entitled to deduct amortization of four-fifths of the $57,300 valuation of the leasehold interests, based on the remaining life of the lease.

2. The second issue stated by petitioners in their brief is the same as Issue 1, except that in Issue 1 the entity involved is the estate of decedent still in the process of administration, whereas in Issue 2 the entity involved is the testamentary trust provided in the will of decedent.

We think the same ruling must apply to Issue 2 as we have made with respect to Issue 1. Our findings of fact show that Erminie B. Hobbs, Leon P. Hobbs, and Claude L. Allen were appointed executors of the estate of John W. F. Hobbs on February 17, 1944. On November 23, 1945, the same parties were appointed trustees of a testa-

mentary trust created by John W. F. Hobbs. It is that testamentary trust which is the petitioner in Docket No. 23188.

The leasehold involved in these proceedings was acquired by the testamentary trust under the will of John W. F. Hobbs and its basis of cost under section 113 (a) (5), I. R. C., is the fair market value of the leasehold at the time of acquisition, which was the date of the death of decedent. This valuation, as we have already held, was $57,300. The petitioner trust is not entitled, however, to an amortization deduction on this full $57,300 valuation but, for reasons which we have explained under Issue 1 above, is only entitled to an amortization deduction based on four-fifths of said valuation.

*Decisions will be entered under Rule 50.*