**LEO KAHN FURNITURE CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11402.

United States Court of Appeals, Sixth Circuit.

April 4, 1952.

F. E. Hagler, Memphis, Tenn. (Hagler & Malone, Memphis, Tenn., on the brief), for appellant.

C. M. Featherston, Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack and Hilbert P. Zarky, Washington, D. C., on the brief), for respondent.

Before HICKS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

This case presents a single issue of law: whether, for excess profits tax purposes, petitioner's deduction for charitable contributions is properly limited to 5% of its net income, as finally determined, on the installment basis of accounting, or to 5% of its net income, as finally determined, on the accrual basis. The Tax Court held that the amount of such deduction was limited to 5% of its net income, computed on the accrual basis; and petitioner seeks review in this court.

Petitioner is engaged in the retail furniture business, regularly making sales on the installment plan. It used the installment method of accounting, in which a proportion of the total profit is reported only in the years when installment payments are actually received. Section 44(a) of the Internal Revenue Code.[1] This was the method of accounting permitted under the statute and adopted by the taxpayer, and which it used during the taxable year in reporting its income for normal and surtax purposes under Chapter I.[2]

1. 26 U.S.C.A. § 44.

2. 26 U.S.C.A. § 1 et seq.

After Congress had enacted an excess profits tax law in 1940, however, it appeared that a hardship would result to taxpayers on the above mentioned installment basis, due to the fact, among other considerations, that the Federal Reserve Board had increased the amount of down payments required, while shortening the period on installment contracts; that, on account of the shifting of business to war contracts, installment sellers using the installment basis of accounting were experiencing an increase of such income during the excess profits tax years, while the selling costs deductible in the year of the sales were not available as offsets against the increased income. Accordingly, Congress afforded a form of relief[3] to such installment basis taxpayers by permitting them, under certain conditions and in accordance with the regulations to be promulgated by the Commissioner of Internal Revenue, to make an election, for purposes of the excess profits tax, to compute income from installment sales on the accrual basis. Such election, when made, was to be irrevocable—except that it could later be abandoned under certain conditions—and taxpayers who made the election were to use the accrual method only for excess profits tax purposes. They were still to report their income on the installment basis for purposes of the taxes imposed by Chapter I.

Petitioner elected to compute its income from installment sales on the accrual basis for purposes of the excess profits tax. In order to ascertain the amount of a taxpayer's excess profits tax, it is necessary to compute its "adjusted excess profits net income," as it is upon that item that the tax is imposed. The "adjusted excess profits net income" is the "excess profits net income" minus a specific exemption consisting of the excess profits credit (based either on the base period earnings or invested capital) and any unused excess profits credit.

Petitioner, therefore, had two normal tax net incomes—one, computed under one accounting method, for income tax under Chapter I; and the other, computed under a different method, for excess profits tax.

The controversy before us turns on the question whether the taxpayer which regularly reports its income from installment sales on the installment basis, as provided for in Section 44(a) of the Internal Revenue Code, but which elected, under Section 736(a) of the Internal Revenue Code,[4] to report such income on the accrual basis for purposes of the excess profits tax, is entitled to compute its adjusted excess profits net income by claiming a deduction for charitable contributions under Section 23(q) of the Code[5] in an amount in excess of 5% of its income, as computed under the accrual method of accounting. The taxpayer, notwithstanding its election to use the accrual method of accounting for excess profits tax purposes, claims the right to compute its adjusted excess profits net income by deducting such charitable contributions to the extent that they would exceed 5% of its net income, computed on the installment basis.

Petitioner contends that if Congress intended that, for the purpose of computing excess profits tax, deductions for charitable contributions should be limited to 5% of net income, computed in a manner other than that provided for income tax purposes, it would have so provided. It is, therefore, argued by petitioner that since the basis of computation which it uses for income tax purposes is the installment basis, that such basis should be used with respect to deductions for charitable purposes in computing excess profits tax, in spite of the fact that the taxpayer had elected to use the accrual method of accounting for excess profits tax purposes.

We do not agree with petitioner's contention. In the first place, the applicable regulation [Section 35.736(a)–3 of Treasury Regulation 112] in so far as here pertinent, provides: "Any deductions under section 23 which are limited to a percentage of net income [computed without regard to such deductions, as for example, the deduction

3. 26 U.S.C.A. § 736(a).

4. 26 U.S.C.A. § 736.

5. 26 U.S.C.A. § 23.

for charitable contributions which is allowed by section 23(q)] shall be determined on the basis of such net income with income from installment sales determined upon the straight accrual basis, and not on the basis of such net income for the purposes of the income tax under Chapter I. * * *"

The foregoing regulation governs the precise question before us, and, if valid, must control determination of the issue.

It is clear that the purpose of the statute which permits a taxpayer, engaged in selling on the installment plan, and reporting its income on the installment basis, to elect to report such income on the accrual basis for purposes of the excess profits tax, was to place such installment sellers on an equal footing with other taxpayers who were on an accrual basis, so far as the determination of the excess profits tax is concerned. Kimbrell's Home Furnishings, Inc. v. Commissioner, 4 Cir., 159 F.2d 608; Commissioner v. Hecht Co., 4 Cir., 163 F.2d 194. The contention advanced by petitioner would contravene the purpose of the statute. For the use of installment accounting, after petitioner had elected the accrual method for excess profits tax purposes, would result in a deduction of more than 5% of the amount of its net income on which the excess profits tax is ultimately based; and this would be a greater deduction than allowed to taxpayers on the accrual basis. In order that installment sellers be on an equal footing with other taxpayers on an accrual basis, which was the purpose of the statute, it is necessary that both installment sellers who have elected to use the accrual method as provided by statute, and taxpayers on the accrual basis compute their adjusted excess profits net income by the accrual method of accounting. A consideration of the language of the statute providing for an election by installment sellers to use the accrual method of accounting *for excess profits tax purposes,* as well as the objectives of the statute, clearly sustain the reasonableness of the Treasury regulations here applicable.

In accordance with the foregoing, the decision of the Tax Court is affirmed.