## CARROLL FURNITURE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13886.

United States Court of Appeals
Fifth Circuit.

June 24, 1952.

Taylor Malone, Jr., F. E. Hagler, Memphis, Tenn., for petitioner.

Joseph F. Goetten, Sp. Asst. to Atty. Gen., Lee A. Jackson, Ellis N. Slack, Acting Asst. Atty. Gen., Mason B. Leming, Acting Chief Counsel, Claude R. Marshall, Special Attorney, Bureau of Int. Rev., Washington, D. C., for respondent.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This petition for review of a decision of the Tax Court reported at 15 T.C. 943 presents for decision two questions, viz:

1. Whether the taxpayer's gain was realized and subject to accrual at the time it purchased the accounts receivable of a separate, unrelated concern, or at the time it collected portions of those accounts.

2. Whether a taxpayer which had elected to compute its income for excess profits tax purposes on the accrual basis in accordance with Section 736(a) of the Internal Revenue Code, 26 U.S.C.A. § 736 (a), rather than on the installment basis in accordance with Section 44(a), could, nevertheless, arrive at its excess profits net income by applying the percentage deduction allowed by Section 23(q) for charitable contributions to its net income computed on the installment basis.

On each of these questions the law has recently been ruled in the Govern-

ment's favor by the Sixth Circuit. The second question was ably and fully discussed in an opinion reported as Leo Kahn Furniture Company v. Commissioner of Internal Revenue, 195 F.2d 404, with which we agree.

The first question was disposed of in a short *per curiam* opinion reported as Rhodes-Jennings Furniture Company v. Commissioner, 6 Cir., 192 F.2d 1022, merely approving the findings of fact and conclusions of law of the Tax Court. On that question the petitioner still strenuously argues that there is no sound reason why purchased installment accounts should be treated differently from installment accounts of furniture sold directly by the petitioner. Plainly, we think, the transactions involve different bases or beginning points from which to compute gain. In the one case, gain is computed on accounts receivable, in the other, on actual merchandise purchased by the taxpayer. In neither instance does the taxpayer realize a gain until the transaction is closed by the sale, exchange or other disposition of the property or accounts purchased.[1] The "other disposition" of the purchased accounts receivable includes, we think, a liquidation by the third party debtors.[2] In the case of accounts receivable purchased by the taxpayer, the right, immediately on purchase, to receive the face amount of the accounts is not to be included in gross income even under the accrual method of accounting since that right to receive under the circumstances does not constitute income at all, and there can be no realization of gain until the purchased accounts receivable have been disposed of.

The decision of the Tax Court is correct with respect to both issues presented and is therefore

Affirmed.

1. Sections 111 and 113 of the Internal Revenue Code, 26 U.S.C.A. §§ 111, 113; Palmer v. Commissioner, 302 U.S. 63, 68–69, 58 S.Ct. 67, 82 L.Ed. 50; General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; United States v. Carter, 5 Cir., 19 F.2d 121, 122; Elverson Corp. v. Helvering, 2 Cir., 122 F.2d 295, 297; Hatch v. Commissioner, 2 Cir., 190 F.2d 254.

2. Bueltermann v. United States, 8 Cir., 155 F.2d 597, 600; Herbert's Estate v. Commissioner, 3 Cir., 139 F.2d 756, 758; Helvering v. Roth, 2 Cir., 115 F.2d 239, 241.