ELEANOR S. HOWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48332. Filed June 8, 1955.

*Fred L. Rosenbloom, Esq.,* and *Thomas P. Glassmoyer, Esq.,* for the petitioner.

*Edward Pesin, Esq.,* for the respondent.

OPINION.

WITHEY, *Judge:* The petitioner takes the position that the respondent having determined that the value of the decedent's interest in The Howell Theatre partnership business was $45,000, that amount became the basis of such interest for the purpose of deductions for exhaustion; and that respondent erred in determining that no part of such basis was deductible by the decedent's estate in determining the distributable net income of the estate and in accordingly disallowing the deductions of $14,210.52, $14,210.52, and $4,736.86 taken by the

estate for 1948, 1949, and 1950, respectively, on account of exhaustion of such interest, and previously allowed in determining her distributable net income from the estate for such years. The respondent takes the position that the decedent's interest in the partnership was not "the type of asset" with respect to which an allowance for exhaustion properly can be made.

The parties are in agreement, and properly so, that the portion of the profits of the business paid by Widmyer to the decedent's estate during the years in controversy was not income to Widmyer but was income to the decedent's estate. *Charles F. Coates*, 7 T. C. 125. Furthermore, there is no controversy between them as to the propriety of the respondent's action in including in the decedent's gross estate his interest in the partnership. Each party has proceeded herein on the premise that such action was correct and proper. We too will proceed likewise.

Aside from the respondent's reliance on the holding in *Estate of Boyd C. Taylor*, 17 T. C. 627, affd. 200 F. 2d 561, we are unable to ascertain from his brief or from the record as a whole the reasons upon which he relies in support of his position that the interest in controversy was not "the type of asset" on account of which an allowance for exhaustion is proper.

In the *Taylor* case, the decedent at the time of his death was a member of a partnership engaged in the insurance underwriting business in which it represented insurance companies pursuant to contracts with them. Such representation was revocable by the insurance companies upon 90 days' notice. The personal services and contacts of the partners were the basis of the retention of the representation of such insurance companies. Capital and tangible assets were of no importance in the creation and retention of the partnership business. By virtue of a partnership contract in effect at the time of the decedent's death, his estate was given an option to become an inactive member of a new partnership with the surviving members of decedent's partnership for a stated term. The decedent's estate exercised the option, became a member of a new partnership, and shared in the net income thereof. Having found that the partnership of which the decedent was a member was a personal service enterprise which required no capital or tangible property and to which none of the partners had contributed capital, and being unable to find that the right held by the estate constituted a capital asset which it received from the decedent, the Court relying on *Bull* v. *United States*, 295 U. S. 247, concluded that the estate was not entitled to deduct allowances for exhaustion with respect to the right.

In the *Bull* case, the decedent at the time of his death was a member of a partnership engaged in the business of shipbrokers. The enter-

prise required no capital, none was ever invested by the partners, and no tangible property was involved in the partnership transactions. The partnership agreement in effect at the time of the decedent's death provided that in the event of the death of a partner, the survivors should continue the business for 1 year subsequent to his death and his estate should receive the same interests or participate in the losses to the same extent as the deceased partner would if living, or his estate at its option could withdraw his interest from the firm within 30 days after the probate of the will and all adjustments of profits or losses should be made as of the date of such withdrawal. The estate did not exercise the option to withdraw. The business continued to be conducted, and the profits thereof distributed, as contemplated by the agreement. Among the questions presented were whether it was proper for a value to be placed on the right of continuance of the partnership relation inuring to the decedent's estate and include such value as a part of the corpus of the decedent's estate, and whether it was proper to include the amount received pursuant to such right as income of the estate. Stressing the fact that the partners had contributed no capital to the business and owned no tangible property connected therewith, the Supreme Court held that in the circumstances presented it was not permissible to place a value on the right inuring to the decedent's estate and include such value in the corpus of the estate and that no estate tax was due with respect to the portion of the partnership profits arising subsequent to decedent's death and paid to his estate. However, such portion of partnership profits was held to be income to the estate and taxable as such.

The Howell Theatre partnership involved in the instant case required the use of capital. Both the decedent and Widmyer had made investments in the enterprise at the time the partnership was formed and continued to have investments therein at the time of decedent's death. After the decedent's death his investment was continued in the enterprise and at the risks of the business. The partnership also had made investments in tangible property used in connection with the business. This property was represented by leasehold improvements to the theatre premises which the partnership made pursuant to the requirements of its lease of March 3, 1945. At the expiration of the lease these improvements passed to the then owners of the theatre premises. By determining a value of $45,000 for decedent's interest in the Colonial Theatre business based "on a consideration of the adjusted value of the assets, earnings and other relevant factors," respondent gave recognition to the fact that the partnership had and employed capital and had invested in and used the foregoing property in the conduct of its business. Prior to, and at the time of decedent's death, the decedent and Widmyer each individually owned undivided

one-third interests in the theatre premises used under lease in the conduct of the partnership business. Decedent's interest in those premises continued to be used in the business after his death, first as an asset of his estate and then as an asset of Widmyer after its sale by petitioner to Widmyer on February 1, 1949, for $26,430.27. Considering the foregoing in connection with the factual situations presented in the *Bull* case and the *Taylor* case, it is apparent that the instant case involves a factual situation materially different from that presented in either of them. Because of such difference, it is our opinion that the holdings in those cases are not applicable or determinative here. Accordingly, we conclude that the decedent's interest in the theatre business was an asset of a type with respect to which an allowance for exhaustion is proper.

The right of decedent's estate to share in the profits of the theatre business clearly was a valuable asset. The life of that asset was definitely limited to the period beginning with the decedent's death on March 6, 1947, and ending on May 2, 1950. For estate tax purposes the respondent has determined the value of the asset at $45,000. In the absence of evidence to the contrary, such value is deemed to have been its fair market value at the time of its acquisition by the estate and its basis for the purpose of exhaustion allowances. *Estate of John W. F. Hobbs*, 16 T. C. 1259; Regs. 111, sec. 29.113 (a) (5).

In accordance with the foregoing, we find that the respondent erred in disallowing to the estate of the decedent the deductions taken for 1948, 1949, and 1950 on account of exhaustion of the interest in question, and increasing accordingly the amounts of the petitioner's distributable shares of net income from the estate for the respective years.

*Decision will be entered under Rule 50.*